## McBRAYER v. MILLS.

1. Pleadings—Note—New Promise.—An allegation that defendant on a day certain made a payment on a note, is an allegation that he has done an act from which a new promise is implied by law. *Fleming* v. *Fleming, 33 S. C., 508, distinguished from this.*

2. Finding of Fact by master concurred in by Circuit Court in a law case referred by consent, is binding on this Court unless based on error of law duly excepted to.

3. Ibid.—Res Judicata.—Here the master had the right to consider the original answer with the other evidence as to payment on the note sued on, because the first Circuit decree only sent the case back for trial on second defense, and defendant had no right to amend his first defense and deny payment.

4. Note—New Promise.—Payment on note by payee to assignee with knowledge of assignment makes payee liable to pay assignee amount due on note as upon new promise.

5. Limitation of Actions—Partnership—Accounting.—The statute of limitations begins to run in favor of a member of a firm against an accounting for partnership assets at his death.

Before Aldrich, J., Greenville, January, 1901. Affirmed.

Two actions, one on note by C. E. McBrayer against O. P. Mills, and the other for partition by C. E. McBrayer, Mabel McB. Charles, and William A. McBrayer against O. P. Mills. From Circuit decree, defendant appeals in both cases.

*Messrs. Ansel, Cothran & Cothran,* for appellant. *Mr. T. P. Cothran* cites: *How shall action on breach of new promise be brought:* 35 S. C., 614; 14 S. E. R., 39; 41 S. C., 147; 38 S. C., 300; 33 S. C., 508. *Payment must be unqualified and unconditional to form basis of new promise:* Wood Lim., sec. 97n; Busnell Lim., sec. 77; 13 Wall., 256. *Administratrix continued accounting for deceased partner, and accounting consequently not barred:* Code, 116; 30 S. C., 617; 9 S. E. R., 350; 13 Ency., 1 ed., 766.

*Messrs. Carey & McCullough,* contra, cite: *As to con-
struction of complaint:* 51 S. C., 439; 56 S. C., 245.  *Pay-
ment to plaintiff after assignment is new promise to pay
plaintiff the note:* 13 S. C., 41; 23 S. C., 578; 33 S. C., 505;
41 S. C., 147; 47 S. C., 330.  *Accounting demanded by de-
fendant cannot be allowed, as administrator and heirs at law
of deceased partner not before Court:* Code, 171; 10 S. C.,
466; 3 S. C., 352; 1 McC., 7; 2 Bail., 133; Chev., 50; Pom.
Rem., secs. 758, 561; 17 Ency., 1 ed., 1279.  *Cause of action
for accounting of deceased partner barred:* 9 S. E. R., 350;
17 Ency., 1282-1284; Code, 116; Rich. Eq. Ca., 64; 32 S.
C., 249; 40 Am. St. R., 576.  *As to dissolution of partner-
ship:* 69 Am. St. R., 411; 11 Rich., 556.  *Statute begins to
run from date of dissolution:* 33 N. E. R., 709; 36 N. E. R.,
826; 23 N. E. R., 126; 3 S. R., 439; 20 S. R., 387.  *As to
laches:* Bail. Eq., 375; 17 Ency., 1 ed., 1285; 12 Ency., 1
ed., 572-3; 1 Lindley on Part., secs. 466-8n; 3 Rich. Eq.,
465; Bates on Part., 952; Collyer on Part., 354.

October 3, 1901.  The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.  These two causes were heard to-
gether in the Circuit Court and in this Court.  The first
action was commenced October 6th, 1898, and the main
question involved is whether the action was upon the origi-
nal note or the new promise evidenced by a payment thereon.
It appears that the defendant, O. P. Mills, and H. I.
McBrayer, the husband of plaintiff, were partners as Mills
& McBrayer, and that Mills and McBrayer, on February 1,
1882, executed a note to H. I. McBrayer for $1,500, payable
one day after date.  H. I. McBrayer died in December,
1891, intestate, and his widow, the plaintiff, was appointed
administratrix of his estate.  In the settlement of the estate
this note was assigned to plaintiff February 28, 1893, and
plaintiff was discharged as administratrix in August, 1898.

The complaint, after alleging the facts, alleged:

"VI. That no part of the said note has been paid except

the sum of $200, of date January 6th, 1888; $100, of date January 21st, 1888; $100, of date February 26th, 1889; $560.23, January 18th, 1890; $108, July 12th, 1890; $45.85, paid by defendant June 26th, 1896. That the sum of $1,500, with interest thereon at seven per cent. from February 1st, 1882, less the credits aforesaid, is now due and owing on the said note, *of which the defendant owes one-half,* and for which amount the plaintiff prays judgment against the defendant, and for costs of this action."

The defendant, not denying any of the facts alleged, plead the statute of limitations, and demanded an accounting between the partners, alleging that such accounting would show that the partnership owed H. I. McBrayer nothing. By consent all issues of law and fact were referred to the master. When the note was offered in evidence before the master, the defendant objected to the evidence of payments indorsed upon the note on the ground that the action was brought upon the note which was barred by the statute. This objection was sustained by the master, and plaintiff offering no other testimony, motion for nonsuit was granted. On appeal therefrom, the Circuit Court, Judge Gage presiding, reversed the master, holding that the allegations of the complaint were not denied and, therefore, stood admitted; that the allegation above quoted showed that defendant had made a payment upon said note within the statutory period; that the action was upon the new promise implied thereby, and that the master's ruling as to the plea of the statute was erroneous. By his order, dated August 10, 1899, he remanded the cause to the master, "to try the issues and report thereon." Before the. holding of any reference under the order, the action second entitled above was commenced on November 15th, 1899, by the widow and children of H. I. McBrayer for the partition of the real estate owned by Mills & McBrayer, and held by the plaintiffs and defendants as tenants in common. The defendant answered, admitting the right to partition, but demanded an accounting of the partnership affairs and of the rents collected by the parties

subsequent to the death of McBrayer. This partition case was also referred to the master by consent to hear and determine all issues of law and fact. The case shows that "On June 22d, 1900, the day appointed for reference, it was agreed by counsel that the two cases, the 'Note Case' and the 'Partition Case,' should be heard together; that the testimony as to the accounting should be taken subject to objection and made applicable to either suit. The master allowed the defendant to amend his answer in the 'Note Case' so as to deny the payment of $45.85, alleged to have been made by him on June 26th, 1896. During the progress of the reference, the defendant's counsel moved the master to suspend the accounting until a personal representative of H. I. McBrayer could be appointed. The master held that as all the parties interested were before the Court and *sui juris*, it was not necessary. The testimony was taken, arguments made, and on November 24th, 1900, the master filed his report, overruling the defendant's plea of statute of limitations as to the note and his right to an accounting in either suit except subsequently to the death of H. I. McBrayer, in December, 1892. From that time he stated the account between the parties, showing that O. P. Mills was entitled to a credit of $255.30 and that Mrs. McBrayer was chargeable with $532.12. To this report both parties excepted. The cause was heard by Judge Aldrich at November term, 1900, and on January 12, 1901, he filed his decree, dated January 9, 1901, in which he confirms the master's report in all essential particulars." In the first stated case the Court gave judgment against the defendant for $1,120.85, one-half of the balance on the note, and in the second case decreed for partition, settlement and division of proceeds of sale in accordance with the conclusions of the master, and from the judgment in each case the defendant appeals.

1. As to the "Note Case." The first five exceptions relate to the order of Judge Gage of August 10, 1899, imputing error in holding that the action was upon a new promise and not upon the original note, and in over-

ruling the master, who sustained defendant's plea of the statute. We think there was no error in the ruling of Judge Gage. The Code requires a statement of the facts which constitute a cause of action and not mere legal conclusions. When, therefore, a fact is pleaded, whatever inference of law or conclusion of fact may properly arise from it, is to be regarded as embraced in such averment. *Mason* v. *Carter,* 8 S. C., 104; *Jerkowski* v. *Marco,* 56 S. C., 245. The allegation in the complaint of a payment made by the defendant upon the note described within six years before the commencement of the action, is an allegation that defendant has done an act from which a new promise is implied by law; and, therefore, this case does not fall within the rule of *Fleming* v. *Fleming,* 33 S. C., 508, wherein the complaint alleged neither a subsequent promise to pay the sum mentioned in a note barred by the statute, nor that any payment had been made thereon by the defendant within six years before the commencement of the action, from which such promise could be inferred.

The sixth exception complains that Judge Aldrich erred in sustaining the master's findings of fact, that the sum of $45.85, credited upon the note of June 26th, 1896, was made by defendant and entered as a credit by and with his knowledge and consent; and the ninth exception complains that there was error in not holding that the defendant consented to the use by Mrs. McBrayer of the $45.85 collected by her out of the rents, subject to a general accounting of the partnership business, and that it was not an unqualified payment in acknowledgment that the amount purporting to be due upon the note was due by defendant. If the case was one in equity, and this Court had jurisdiction to review the facts, we would be unable to say that the preponderance of the evidence is against the concurring findings of the master and the Circuit Court on the facts; but this case is one at law, and having been referred to the master by consent, his conclusion of fact sustained by the Circuit Court are final, unless such conclusion was based

upon some error of law duly excepted to. It is, however,
urged in the seventh exception, that the master erred in
basing his finding of fact upon the allegations of the origi-
nal answer, which was not offered in evidence when the
defendant had been allowed to amend his answer, denying
that he had made such payment, and that the Circuit Court
should have sustained defendant's exception to this action
of the master. The master in his report said : "the original
answer taken in connection with his testimony is evidence
bearing upon the fact as to whether or not he made the said
payment, as alleged in the complaint." We agree with the
Circuit Court, that under the order of Judge Gage the master
was limited entirely to a consideration of the matters grow-
ing out of the second defense in defendant's former answer.
The order of Judge Gage reversed the master in sustaining
the plea of the statute, on the ground that the fact of pay-
ment of $45.85 by defendant on the note stood admitted by
the pleadings. No request for leave to amend was made to
him and he made no order allowing an amendment. The
only issues before Judge Gage upon the pleadings were as to
the second defense, relating to an accounting of the partner-
ship, which it was claimed would show that nothing was
due upon the note. In order, therefore, to give defendant
an opportunity to establish by testimony the allega-
tions of the second defense, he with some hesitation
remanded the cause to the master to try the *issues*
and report thereon. In view of this, there was no error of
law in the master in referring to the original answer, in con-
nection with the other testimony, in determining whether
the defendant had paid $45.85 on the note on June 26, 1896.
In addition to this, the Circuit Court found as a fact that
such payment had been made as alleged, independent of the
failure of the defendant to deny the same in his orig-
inal answer, and such finding of fact concludes this
Court. Sec. 131 of the Code provides that "pay-
ment of any part of the principal or interest is equivalent to
a promise in writing," and "shall be sufficient evidence of a

new or continuing contract whereby to take the case out of
the operation of this title." As the note was the property
of the plaintiff by due assignment, which fact as found was
known to the defendant at the time of the payment, the legal
effect of the payment was to make defendant liable to plain-
tiff as upon a new promise to pay plaintiff the sum due by
him on said note. This practically disposes of all material
questions involved in the first or note case.

2. As to the partition case. The main question in this
case is whether the Circuit Court erred in sustaining the
master in finding as matter of law that all items in defend-
ant's accounts on account by the partnership matters
of Mills & McBrayer previous to the death of H. I.
McBrayer are barred by the statute of limitations.
We do not think that the Court erred in this. McBrayer
died in December, 1891, and this worked a dissolution of
the partnership, even if the partnership was not practically
dissolved in January, 1884, when Mills & McBrayer sold
out their stock and ceased to do business. The action was
not commenced until November 15, 1899, nearly eight years
after McBrayer's death. This conclusion practically dis-
poses of the exceptions in this case, and renders it unneces-
sary to say more than that all the exceptions are overruled.

The judgment of the Circuit Court is affirmed.