7758

BUILDING SUPPLY CO. v. JONES.

1. Contracts.—One buying lumber under contract at a fixed price and receiving it after inspection or an opportunity to inspect must pay the contract price. But if defects are not obvious to ordinary inspection and not actually discovered until after acceptance, the purchaser may offer to return and rescind the contract or retain and have an abatement of the price.

2. Charge.—It is not error to omit a verbal request asked at end of charge where the subject of the request has been fully covered in the main charge.

3. Presumptions.—Books of account are not presumptive of delivery so as to cast burden on defendant of showing the goods were not delivered, but are only evidence of the correctness of the account.

Before Memminger, J.,　　　Sumter.　　Reversed.

Acting by Building Supply Co. v. C. E. Jones. From judgment for plaintiff, defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Statements by Judge are of the testimony and violate the constitutional provision:* 47 S. C. 488; 85 S. C. 280. *Buyer should inspect, and if defective should reject all:* 34 S. C. 508

*Messrs. Lee & Moise,* contra, cite: *Case must show the judgment appealed from:* 59 S. C. 557; 63 S. C. 123; 69 S. C. 231. *Seller of personal property warrants articles sold:* 80 S. C. 292. *Delivery of personal property is a mixed question of law and fact:* 51 S. C. 561. *If goods are defective buyer is entitled to a discount:* 37 S. C. 73.

January 13, 1911. The opinion of the Court was delivered by

Mr. Justice Woods. The plaintiff recovered a judgment for four hundred and ninety-six dollars and seventy-six cents, the full balance claimed, against the defendant

for material furnished at the request of the defendant for use in the construction of a house. The evidence is not printed in full but the record contains an agreed statement of so much of it as counsel regarded necessary to the decision of the questions made by the appeal. From this statement it clearly appears that the two issues in the case were, (1) whether all the material embraced in plaintiff's account had been furnished to the defendant or his authorized agent, and (2) whether the defendant had received proper credit according to his contract for certain car loads of lumber shipped to the plaintiff by him; on this second issue the defendant claimed that the price was fixed absolutely by the contract, and that the plaintiff accepted the lumber and had no right to take off anything for inferior grade; whereas the plaintiff claimed that the contract provided for lumber of a certain grade, that a portion of the lumber was below that grade and that credit was given to the defendant for the inferior lumber at the market price for that grade. The language complained of in the first and second exceptions as a charge on the facts is nothing more than a statement of these issues without which the charge would have been of no value to the jury.

The explicit instruction was given that if the plaintiff bought lumber from the defendant at a fixed price and received the lumber after inspecting it or having an opportunity to inspect it then credit must be given at the contract price. Therefore the third exception, alleging that the Court charged that such result would follow only if the plaintiff actually inspected the lumber and then accepted it, has no foundation.

A somewhat serious question in the appeal will be apparent from the following extract from the record:

"Mr. Jennings: Your Honor charged the jury that if there was no opportunity for inspecting, then he would not be bound to the highest price. I ask your Honor to charge that even if there was no opportunity of inspecting when it

came, but when he did inspect it, it was his duty to reject it all, and after he had an opportunity of inspecting, if he accepted it, he was bound to pay the full price.

"Court: My idea is that a shipment of lumber would have to be taken out of the cars, and at that time he could not discover the defects, and it would not be proper to put it back and—

"Mr. Jennings: But if he took it out, if he then accepted it, he was bound to pay the full price; and also ask your Honor to charge that they can find any amount less than the amount claimed.

"Court: The burden is on the plaintiff to prove the amount that they have claimed, and whatever amount they have claimed, if any, it is for the jury to find. Find the whole amount, if they have proved the whole amount; or if they have proved a lesser amount, find a lesser amount. If they have proved nothing, find nothing at all."

The first verbal request was clearly unsound, for a buyer is not under all circumstances bound to reject goods whenever he discovers or has the opportunity to discover defects. The general rule is that if before acceptance of goods material variance from the quality contracted for is so obvious that the purchaser has observed it, or by ordinary inspection would have observed it, and nevertheless accepted the goods, he will be held to have waived the variance from the quality he was entitled to demand. *Woods* v. *Cramer*, 34 S. C. 508, 13 S. E. 660; *Brooke* v. *Milling Co.*, 78 S. C. 200, 58 S. E. 806. But if the defects are not so obvious to ordinary inspection and are not actually discovered until after acceptance, then the purchaser may according to the circumstances offer to return the goods and have rescission of the contract, or retain them and have an abatement of the price. *Gray* v. *Handkinson*, 1 Bay 218; *Adams* v. *Kibler*, 7 S. C. 47; *Kauffman Milling Co.* v. *Stuckey*, 40 S. C. 110, 18 S. E. 218; *Martin* v. *Seaboard A. L. Ry.*, 70 S. C. 8, 48 S. E. 616. It is the duty of the seller to afford an opportunity

for inspection, and the purchaser cannot be held to have accepted the goods and waived defects by the mere act of unloading or by the doing of any other act, if such act be necessary to inspection. 35 Cyc. 225. Whether the buyer has had the opportunity to inspect and reject the goods is ordinarily a question of fact for the jury.

The practical inquiry here, in the light of these rules of law, is whether the Circuit Judge in the colloquy between the Court and counsel above set out so erroneously instructed or refused to correctly instruct the jury that the defendant should have a new trial. The Circuit Judge having been interrupted by counsel while responding to the first oral request, his response as it appears in the record is only a part of an uncompleted sentence. It is impossible to say, therefore, how the beginning of the sentence referring to an issue of fact would have been modified by what the Judge would have said but for the interruption. The presumption is always in favor of a correct instruction by the trial Court, and we will not assume that the completed sentence would have been an erroneous statement of the law prejudicial to the defendant, especially since the failure to complete it was due to the interruption of defendant's counsel.

Reference to the second oral request with which counsel interrupted the Judge shows that it related to two subjects, namely, the obligation of the plaintiff to credit the defendant with the contract price of the lumber if he accepted it after opportunity to inspect it, and the right of the jury to find a verdict for less than the amount claimed. In responding to this request the mind of the Judge was manifestly directed to the part of the request relating to the amount of the verdict. and he charged as requested on that subject, saying nothing of the obligation of the plaintiff to credit the full price of the lumber if he accepted it after opportunity to inspect. The omission, however, cannot avail the defendant; because the

instruction asked for, as already shown, had been explicitly given in the general charge.

In the last exception to be considered, error is assigned in the instruction that entries made on the books of the plaintiff carried a presumption that the goods were actually delivered to the defendant, and cast the burden on the defendant of showing affirmatively by the preponderance of the evidence that the goods were not delivered. Books of account when properly authenticated are received as evidence of the correctness of the account alleged to be due; and the entries therein in the usual course of business may be regarded in some cases the best evidence of the transactions entered. *Dial* v. *Valley M. L. Association,* 29 S. C. 560, 8 S. E. 27. But there is no presumption of law in favor of the correctness of the entries, and the evidence of a witness who can testify from memory as to a sale and delivery may be as good and convincing as entries in a book. *Doty* v. *Crawford,* 39 S. C. 1, 17 S. E. 377. The books of the plaintiff containing the entries of the items charged were evidence of the correctness of the account, but it was incorrect to charge as a legal proposition that by their introduction the burden of proving the debt not to be due was imposed upon the defendant. The account appearing in the books stood along with the other evidence to be considered by the jury in deciding whether the plaintiff had proved his claim against the defendant by the preponderance of the evidence.

The error in the charge on this point was material. The defendant's house for which material was furnished by the plaintiff was in course of construction by one Evans. The plaintiff corporation introduced testimony to the effect that defendant had directed it to furnish anything ordered by Evans, and in addition introduced books and receipts tending to prove the delivery of the material embraced in the account, not to the defendant himself, but at the place where defendant's house was under construction. Defend-

ant denied that he had authorized the delivery of any material except what he had specifically bought, and alleged that it was impossible that all the material charged could have been used in the construction of his house. Having in view the sharp issue of fact thus made, it is obvious that it was a serious disadvantage to the defendant for the jury to be told that as soon as the books containing the charges against him were introduced, the plaintiff had discharged itself of the burden of proving its claim by the preponderance of the evidence, and placed the burden upon the defendant of showing by affirmative proof that all the items charged were not delivered to him, or to another by his authority, under his contract with the plaintiff. For this error in instructing the jury that the introduction of the books shifted the burden of proof, a new trial is inevitable.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.