8276

                          RAMSEY v. HILL.

1. PERSONAL PROPERTY—WARRANTY.—From evidence tending to show
   a mule was not sound two weeks after it was sold and has been so
   for two years since, the jury may infer it was in that condition when
   sold.
2. EVIDENCE—NONSUIT.—Where testimony is introduced without objec-
   tion and at the instance of respondent's attorney, the Court holds
   it competent and there is no exception to the ruling appellant cannot
   allege error in not granting nonsuit.
3. PERSONAL PROPERTY—WARRANTY—PAYMENT.—There being no posi-
   tive testimony to show that the purchaser of a mule alleged to be
   unsound voluntarily paid the purchase price or that the defect was
   not called to the attention of the seller and request made of a
   deduction for it, it should not be held that there was waiver of the
   right to bring an action for damages for unsoundness.
   MR. JUSTICE HYDRICK *dissents.*

Before WATTS, J., York, November term, 1911. Affirmed.

Action by Elias Ramsey, Admr. of A. W. Ramsey, against W. L. Hill, trading as Hill Banking and Mercantile Co. Defendant appeals.

*Mr. W. W. Lewis,* for appellant.

*Mr. Thos. F. McDow,* contra.

July 30, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The plaintiff, as the administrator of A. W. Ramsey, who died in October, 1908, brings this action for the balance, amounting to $400.25, alleged to be due upon an account, an itemized statement of which is attached to the complaint as an exhibit.

One of the items in the account, amounting to $150, is for damages alleged to have been sustained, by reason of the unsoundness of a mule, sold by the defendant to plaintiff's intestate, on the 2d of March, 1908.

The defendant, in its answer, denied various items of the account, among which was the item of $150 for the unsoundness of the mule; as to which it also alleged, that "if there ever was any unsoundness in said mule, same was waived by plaintiff's intestate."

The jury rendered a verdict in favor of the plaintiff for $100, whereupon the defendant made a motion for a new trial, which was refused, and the defendant then appealed.

The appellant's attorney in his argument says: "The appeal presents two questions for consideration:

(1) "There was absolutely no testimony that the mule sold plaintiff's intestate, was unsound at time it was sold, and no testimony from which such an inference could be drawn.

(2) "That even if the mule was unsound when sold, the plaintiff and his intestate both waived same."

We proceed to the consideration of the first question.

The plaintiff testified as follows: "Mr. Ramsey, do you know the mule that your son got from Hill? Yes, sir. How long have you had it in your possession? It is going on to four years. Well, sir, he agreed to give $200, and gave a mortgage for it? Yes, sir. What kind of a mule was that? It was a mule, a weakly mule, and was not able to do any day's work. Was it an unhealthy mule? It was not to say a sickly mule. It was a weak mule, couldn't do a day's work. Was it able to do any work? No, sir. Might plow for a few days, then give out. Was $200 a sound price for a good mule? At that time it was. About what part of a day's work could this mule do? This mule would give out, about 9 or 10 o'clock; lie down. You never saw a mule like that before? Never in my life. Did she eat heartily? No, sir. She didn't eat heartily no time. What in your judgment was the value of that mule, at the time she was sold? I wouldn't have had the mule, Mr. McDow.

"Mr. Lewis (defendant's attorney) : Ask him if he knew the condition of the mule at the time it was sold. Well, I will ask him that. I didn't know anything about it, then. How long after the mule was sold until you did know it? About two weeks.

"Mr. McDow (plaintiff's attorney) : I submit that is close enough, your Honor.

"The Court: I think so.

"Is that the condition of the mule today? Yes, sir. The mule never has been right."

In the first place the long continuance of the mule's condition, tended to show that the weakness was inherent or chronic; and the jury might reasonably have inferred that it existed, prior to the sale to plaintiff's intestate.

In the second place, not only was the foregoing testimony introduced without objection, but at the suggestion of plaintiff's attorney, his Honor, the presiding Judge, ruled, that testimony as to the condition of the mule, two weeks after the sale, was competent, *and there was no exception to this ruling.*

If testimony is received without objection, which would otherwise be incompetent, it becomes competent, and cannot be disregarded, upon a motion for nonsuit, *but its sufficiency must be left to the jury. Ashe* v. *Ry.,* 65 S. C. 134, 43 S. E. 393.

We will now consider the second question, which relates to waiver.

The burden was on the defendant, to prove waiver of the alleged unsoundness of the mule. A. W. Ramsey, the purchaser of the mule, was dead and for this reason, his administrator was at great disadvantage, in meeting the defendant's claim, that he had made no complaint of the defects in the mule. The jury were at liberty, however, to reject the defendant's testimony, that no complaint had ever been made to him. The following extract shows, that his testimony was not necessarily convincing on that subject: "Now, Mr. Hill, didn't Mr. Wallace Ramsey, bring this mule back to you in his lifetime, and ask you to take it back? Why, no, sir. Sir? Never did. Now, didn't he do it, and tell you he would give you twenty-five dollars to take it back? I don't remember anything about that. Think; I want you to remember. If he did do it you remember it; if he didn't do it, you don't remember it? I know one thing, that he didn't make any complaint about anything being unsound." The plaintiff testified, that he did complain of the mule, after his son's death. The evidence does not show conclusively, that the plaintiff voluntarily, paid the claim of the defendant. On the contrary, there was evidence, that A. W. Ramsey was defendant's tenant, and that his cotton crop was hauled to the defend-

ant's gin,. that the defendant retained it, and placed the pro-
ceeds on the account, and that the plaintiff was all the time,
claiming an allowance of credit, on account of the weakness
of the mule.    There was abundant ground in the evidence,
for the jury to reject the defense of waiver.

Judgment affirmed.

Mr. Justice Watts *disqualified.*

Mr. Justice Hydrick, *dissenting.*    According to the evi-
dence in this case, plaintiff's son and intestate bought a mule
from defendant for $200 and gave defendant his note for
that amount, dated March 5, 1908, payable October 1, 1908,
secured by chattel mortgage.    He kept the mule and made
a crop with it.    He died in October, 1908.    While there
is some evidence that the mule was "weakly," there is not
a particle of evidence that any complaint was ever made
to the defendant by plaintiff's son as to her condition during
his life, or that he ever tendered her back to defendant.
Nor is there any evidence that plaintiff himself ever made
any complaint to defendant about the mule or tendered her
to defendant after he was appointed administrator of his
son's estate.    Plaintiff himself says that, when he was
settling with defendant in the fall of 1908, he asked him if
he was not going to take off something on account of the
condition of the mule; and that defendant said he would
not.    Nevertheless, plaintiff paid the defendant and kept the
mule two years longer, and, in 1910, brought this action.

No principle of law or of justice is better settled than
that money paid voluntarily, with full knowledge of all the
facts, cannot be recovered back.    *Hardaway* v. *Ry.,* 90
S. C. 475.    There is not a tittle of evidence that plaintiff did
not know all the facts when he paid for the mule, or that
the payment was not voluntary.    On the contrary, his own
evidence is that he did know of her defects, and asked

defendant to deduct something from the purchase price on account of them, which defendant declined to do. I know of no principle of law or justice that will permit plaintiff to recover the money paid under such circumstances.