9436

## GREENWOOD COTTON MILL v. TOLBERT.

(89 S. E. 653.)

1. TRIAL—DIRECTED VERDICT—SUFFICIENCY OF COMPLAINT—DEMURRER.—
Where the complaint does not contain allegations sufficient to consti-
tute a cause of action, the proper remedy is by demurrer, and not
by motion to direct a verdict.

2. SALES — IMPLIED WARRANTY — QUESTION FOR JURY. — The question
whether a sale of cotton by cutting and sample and an examination
of its external condition, creating an express or implied warranty
as to its real condition, presented a proposition of law.

3. SALES—IMPLIED WARRANTY—LATENT DEFECT.— The law implies a
warranty of soundness of cotton when purchased by sample, where
the defect is either patent or is not known to the seller, regardless
of fraud or false statements or anything to mislead the buyer to
accept it.

4. SALES — IMPLIED WARRANTY — SELLER'S MORTGAGE. — When the law
implies a warranty as to the soundness of a commodity, in the
absence of an agreement, it cannot be defeated by the action of the
seller and the fact that the defect is latent or unknown to the seller,
or that he was not negligent in not ascertaining it will not relieve
him from liability.

5. SALES—ACTION FOR BREACH OF WARRANTY—CONDITION PRECEDENT—
RESCISSION.—Where there is a breach of warranty, the buyer may
be entitled to relief by an action for damages without a rescission
of the contract of sale.

6. SALES — BREACH OF WARRANTY — DUTY OF BUYER — NOTICE.— The
buyer's failure to give notice of the unsoundness of the goods bought
to the seller within a reasonable time after discovering it may be
considered in determining whether he waived his right to insist upon
the breach of warranty.

Before HON. C. J. RAMAGE, special Judge, Greenwood,
September, 1915.

Action by the Greenwood Cotton Mill against T. P. Tol-
bert.    Judgment for plaintiff, and defendant appeals.

*Mr. Wm. N. Graydon,* for appellant, submits: *There is
no allegation of a cause of action for breach of warranty:* 3
Brev. 63; 35 Cyc. 446, 406, 409; 105 Minn. 115-117; 86
Minn. 94; 90 N. W. 120; 149 N. C. 299; 62 S. E. 1076.

*Requests to charge:* 35 Cyc. 607; 2 Rich. 40; 2 N. & McC. 65; 2 McC. 432. *Charge contradictory and misleading:* 102 S. C. 408. *Rescission of contract:* 37 S. C. 7; 40 S. C. 110.

*Messrs. Grier, Park & Nicholson,* for respondents, cite: 37 S. C. 7; 40 S. C. 110; 80 S. C. 289.

July 8, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action arises out of the fact that the defendant sold to the plaintiff 400 bales of cotton, four of which were water-packed. The following agreed statement of facts appears in the record:

"The defendant offered the cotton to the plaintiff for sale in the usual manner, and asked the plaintiff to cut the same and sample it, and the plaintiff through its agent cut and sampled the cotton, and purchased the same on the sample taken therefrom, and the only opportunity of examination which the plaintiff had was that of an external examination of the condition of the cotton. After the cotton was carried to the mill, and opened for the purpose of manufacture, it was discovered that four bales of it had been water-packed in or near the center of the bales, so that it was impossible to detect this from an external examination and it was found in the four bales 348 pounds of water had been packed. Eight hundred and sixty-six pounds were taken from the bales in wet and water-packed condition, and, after being dried, the damaged cotton only weighed 518 pounds. The damaged cotton was worth less than $10. After this condition was found, defendant was notified and asked to examine the cotton, and payment was demanded of him for the damaged cotton and water, which he refused to pay. It was not charged or claimed that defendant himself actually

false packed or water-packed the cotton, but that he sold the cotton by the sample which plaintiff took from the cotton, and it was, as a matter of fact, water-packed."

At the close of the plaintiff's testimony, the defendant's attorney made a motion, for the direction of a verdict, on the following grounds:

"That the attempt is made here to recover on an implied warranty, and there is no allegation in the complaint of any warranty, expressed or implied. In order for a person to recover on a warranty, either expressed or implied, there must be an allegation of warranty in the complaint, either expressed or implied. That even if there was an allegation of implied warranty in this case, it does not apply to the facts of this case, as testified to by the witnesses. The testimony is undisputed that the party who bought the cotton had full opportunity to examine the cotton before he bought it and to ascertain its real condition. And if he failed to examine the cotton, why then it is a case where the loss will fall upon the buyer. That the law does not imply warranty of soundness of cotton or other commodities when purchased by sample; and, where the defect is either a patent defect, or a defect which is not known to the seller, unless there is an allegation in the complaint, or evidence to show fraud on his part, or false statement or something by which he is misled, the buyer to accept the goods."

The motion was refused and "the defendant then offered his testimony, which showed that he sent the cotton to two different gins to be ginned and packed. That he was not present when the cotton was handled by the gins, and had no notice or knowledge whatever that there was any water packed in the cotton. That he sold the cotton, the four bales, as a part of a large lot of about 400 bales. That the cotton was carefully gone over by the weighers, and docked for any wet or damaged cotton which appeared by external examination."

The jury rendered a verdict in favor of the plaintiff for $106.91, and the defendant appealed.

One of the questions raised by the exceptions is preliminary in its nature, to wit, whether there was error, on the part of his Honor, the presiding Judge, in refusing to direct a verdict in favor of the defendant, on the ground 1, 2 that there is no allegation of warranty in the complaint, either expressed or implied. This assignment of error pertains to the pleadings, and if the complaint does not contain allegations sufficient to constitute a cause of action, the proper remedy was by demurrer, and not by a motion to direct a verdict.

There is, however, another reason why the exception cannot be sustained. The question whether the sale of the cotton in the manner described in the complaint created a warranty presented a proposition of law.

"Pleadings under the Code are not required to formulate the state of facts with reference to the technical incidents of the right of action to which the plaintiff may suppose himself entitled. It is the Court that refers the facts to their appropriate form of action, for the purpose of its judgment, and not the pleader, as at common law. The consequence is that when a fact is pleaded, whatever inference of fact or conclusions of law may properly arise from it are to be regarded as embraced in such averment." *Mason* v. *Carter,* 8 S. C. 103; *Jerkowski* v. *Marco,* 56 S. C. 241, 34 S. E. 386; *McBrayer* v. *Mills,* 62 S. C. 36, 39 S. E. 788; *Parks* v. *Cotton Mills,* 70 S. C. 274, 49 S. E. 871; *Rosemand* v. *Railway,* 66 S. C. 91, 44 S. E. 574.

The next question that will be considered is whether there was error in refusing to direct a verdict on the ground that the law does not imply warranty of soundness of cotton or other commodities, when purchased by sample, and 3, 4 where the defect is either patent, or is not known to the seller, unless there is an allegation in the complaint, or evidence to show fraud on his part, or false state-

ment, or something by which he misled the buyer to accept the goods.  We deem it only necessary to cite the following authorities, to sustain the proposition that the law implies a warranty under the circumstances mentioned in this case: *Carter & Harden* v. *Walker,* 31 S. C. L.. (2 Rich.) 40; *Kaughman* v. *Stuckey,* 37 S. C. 7, 16 S. E. 192; *Kauffman* v. *Stuckey,* 40 S. C. 110, 18 S. E. 218.   When the law implies a warranty as to the soundness of the commodity, it necessarily follows, in the absence of an agreement, that it cannot be defeated or rendered ineffectual to any extent by the action of the seller.   And the fact that the defect in the article may have been latent and unknown to the seller, or that he may not have been guilty of negligence in ascertaining it, will not relieve him from liability, when there has been a breach of the warranty.   In the case of *Rose & Rogers* v. *Beatie,* 11 S. C. L. (2. N. & McC.), p. 538, it was held that where a person purchases an article capable of inspection, as rice, cotton, etc., he is considered as having purchased on his own judgment.   But the article must correspond throughout with the sample exhibited, and where the external part of a bag of cotton appears good, and the interior is injured, by water having been poured on it, the purchaser will be entitled to damages.   In that case the Court said:

"The rule of law, so often recognized in our Courts, that selling for a sound price raises an implied warranty of soundness of property is not denied, but it is contended that it does not apply to this case.   The counsel for the defendant has contended: (1) That when a person purchases an article, capable of inspection, as rice, flour, etc., and particularly, where he has actually inspected it, he is considered as having purchased on his own judgment, and not on the credit of the seller, and therefore can have no recourse, if it happens to be unsound or damaged. * * * It is well known that no method has been yet discovered by which packed cotton can be examined, except as to its exterior.   It is

never attempted nor expected of the purchaser that he will do more. * * * Wherever, therefore, it appears to be of the same quality throughout, and there is no deception, I should not consider the purchaser entitled to recourse to the seller. But every sale of packed cotton must be considered in the nature of a sale by sample, which amounts to a warranty, that the whole bulk shall correspond with the specimen exhibited. * * * In the case now under consideration, there was a positive, palpable fraud. The cotton was injured by pouring water into the center of the bag, and then enveloping it with good cotton in such a manner as to elude detection. It is said there was no proof; that the defendant was cognizant of the fraud. But he was the grower of the article. If it was not personally done by him, it was by his servants or agents, for whose conduct he is answerable. Suppose stones or sand should be found inclosed in a bale of cotton, would a planter be excused by denying a knowledge of the fact and laying it to the charge of his servants? Were such a principle to be established, the grossest fraud could never be detected."

The next question that will be considered is whether the rescission of the contract is a prerequisite to a recovery of damages for a breach of the implied warranty. In *Carter & Harden* v. *Walker,* 31 S. C. L. (2 Rich. 40), the Court said:

"On the right of the purchaser to rescind, by a tender back of the property, our Courts have gone further than the English, and I believe I may say that it is the settled law that where there has been an entire failure of consideration, and the chattel has been tendered back, and the contract thus rescinded, the purchaser may recover back the price, if paid, or defend himself effectually if sued for the purchase money. None of our cases go further than this, either in relation to lands or chattels. In all of them it is recognized as the settled law that assumpsit for money had and received will not lie until the contract has been rescinded. * * * The jury

found for the defendant, although there had been no tender, and the case therefore must have been supported on the ground that the negro was of no value. It could not be on the ground of rescission, because all the cases agree there can be no rescission without tender, if it be possible; and the Courts say, in an action on the warranty, no tender is necessary. Upon a review of all the cases, it seems to me the law may be stated to be this: If, by law, as in case of deceit, or entire failure of consideration, the purchaser be entitled to rescind the contract, the verdict should be for him, whether he be plaintiff or defendant. If the contract is still open, and not rescinded, the seller is entitled to recover so much as the thing sold, in its unsound state, is worth; and if it is worth nothing he (the purchaser) may be discharged entirely from the price. The effect of the verdict is, in the first case, to revest the property in the seller; in the last case the purchaser must keep it, paying the value as found by the verdict. There is great propriety in adhering strictly to these legal distinctions, and both the form of the action and the pleadings should be framed with reference to them." "

The case from which we have quoted was decided before the adoption of the Code of Procedure, and when the Court said that assumpsit for money had been received would not lie until the contract had been rescinded, it had reference to the form of the action, and did not intend to announce the principle that the buyer was not entitled to relief in case there was a breach of the warranty, unless there was a rescission of the contract such a proposition would be in direct conflict with the other language which we have quoted.

The last question to be determined involves the duty of the buyer when he discovers that the property is defective. In the case of *Carter & Harden* v. *Walker*, 31 S. C. L. (2 Rich.) 40, Mr. Justice Evans, who delivered the opinion of the Court, used this language:

"In the preceding remarks I have maintained that a tender would be unavailing, except in those enumerated cases where the law recognizes the right of the purchaser to rescind the contract. In other cases it is not necessary, but it may be prudent, to offer to the seller an opportunity of rescission, thereby showing the sincerity of the purchaser's complaint of a breach of warranty, and that it is not, as is very often the case, merely pretensive."

If the purchaser fails to give notice of the unsoundness to the seller, within a reasonable time after discovering it, the jury may take such fact into consideration in determining whether he waived the right to insist upon the breach of warranty. *Ramsey* v. *Hill,* 92 S. C. 146, 75 S. E. 366.

These conclusions practically dispose of all questions presented by the exceptions.

Judgment affirmed.