304 P.2d 390

**CANADIAN FIRE INSURANCE COMPANY, Appellant,**

v.

**Albert J. WILD, dba Air Conditioning Supply Company, Appellee.**

No. 6251.

Supreme Court of Arizona.

Dec. 11, 1956.

Lewis, Roca, Scoville & Beauchamp and Walter Cheifetz, Phoenix, for appellant.

A. E. Farone, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in favor of Albert J. Wild, dba Air Conditioning Supply Company, defendant-appellee, in an action brought by Canadian Fire Insurance Company, appellant, as assignee-subrogee, upon an implied warranty in the sale of a $7\frac{1}{2}$ ton Clime-Matic Home Refrigerating unit by defendant, to one Clarence Levey, which is alleged

to have been in a dangerous and defective condition at the time of sale and delivery to him. We shall refer to the parties hereinafter by the designation used in the lower court.

The facts are that the defendant, Wild, was engaged in business as the Air Conditioning Supply Company in Phoenix, and, on April 30, 1954, sold to Levey the refrigerating unit here involved. On the following June 5, the unit exploded, completely destroying it and it is alleged did some damage to the Levey home. Plaintiff had previously issued to Levey an insurance policy upon his home agreeing to indemnify him against loss by fire or explosion, and in due course, on September 2, 1954, paid to Levey the sum of $2,233.27 as indemnity for the loss sustained as a result of such explosion and was thereby subrogated to Levey's rights therein.

The physical installation of the unit was made by Saffell Air Conditioning Co., at least a part of whose business apparently was the physical installation of refrigeration plants. The electric tie-ups were made by Gross Electric Company. The latter company took their instructions from Saffell Air Conditioning but submitted their bid to and received their pay for the job from defendant, Wild. Levey, however, bore the cost of installation and reimbursed Wild.

At a pre-trial conference counsel agreed to the following facts:

"(1) That the allegation of paragraph I of plaintiff's complaint relating to plaintiff's corporate existence and its right to do business in Arizona are true.

"(2) That at the time defendant sold the refrigeration unit, defendant warranted by implication the refrigeration unit to be fit, qualified, and proper for use in a private home, as alleged in paragraph IV of said complaint.

"(3) That the items set forth in the complaint in paragraph V were expended by Clarence Levey, but defendant denies that the last two items, the bedroom and shower door repairs, were caused by the explosion.

"(4) That Levey carried a policy of insurance with plaintiff in which it had agreed to indemnify him against fire and explosion and had paid Levey $2,233.27 as a result of said explosion.

"(5) That in consideration of said payment Levey had assigned his claim against the defendant to it.

"It is further agreed that the only issue to be determined by the court is whether the unit itself was defective or whether the installation by parties other than the defendant was improper.

"If the unit itself is found defective, the only remaining issue is whether the damage to the bedroom and shower door were caused by the explosion."

Plaintiff assigns as error the rendering of judgment by the court in favor of defendant for the reason that plaintiff claims it established by prima facie evidence that the air conditioning unit was defective and that defendant failed to establish that the installation of the unit by others was improper.

We agree with plaintiff that the question of the negligence of Levey is not involved in this case in any degree whatsoever, and defendant's suggestion that there is no presumption of negligence from the mere fact that the air conditioning unit here involved had exploded is wholly irrelevant.

■ This action is based upon the breach of an implied warranty as evidenced by the agreement of counsel at the conclusion of the pre-trial conference in this case. It is therefore an action ex contractu and the following quotation in Greenwood Cotton Mill v. Tolbert, 105 S.C. 273, 89 S.E. 653, 654, is applicable here:

"* * * When the law implies a warranty as to the soundness of the commodity, it necessarily follows, in the absence of an agreement, that it cannot be defeated or rendered ineffectual to any extent by the action of of the seller. And the fact that the defect in the article may have been latent and unknown to the seller, or that he may not have been guilty of negligence in ascertaining it, will not relieve him from liability, when there has been a breach of the warranty. * * *"

Plaintiff contends that he has established by competent evidence two defects in the refrigerating unit; primarily that the fuse plug was defective in that it failed to function, and secondarily, that the welding on the tank of the unit was defective. Defendant undertakes to argue in substance that even if we assume the fuse plug failed to function, as the witness Baker testified, that plaintiff failed to sustain the burden of proving the tank was defective.

■ It is our view that the fuse plug is as much a part of the unit as is the tank, and, if the fuse plug failed to function and as a result thereof, the tank of the unit exploded, the unit was defective to the extent that the fuse plug was defective.

When Mr. Baker, an electrical engineer who had been connected with companies manufacturing or dealing with machinery

requiring the use of fuse plugs for many years, was on the witness stand, the court said:

"* * * Actually it is a physical fact from all the evidence that if the plug had worked you would not have had the explosion".

Counsel for defendant replied:

"That's right, and everything except that I object to".

Counsel for plaintiff then asked Baker:

"Q. Is that your opinion then if this plug had functioned this unit would not have exploded? A. That's right".

The witness Baker further testified that the breakage of the tank was along the seams and stated the welding was imperfect.

The testimony of plaintiff, in our opinion, established a prima facie case for the reason that if the tank exploded because the fuse plug was defective and failed to function, the refrigerating unit was neither fit nor proper for use in the Levey home.

The judgment of the trial court is therefore reversed and remanded for a new trial.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, JJ., concurring.