Janet C. EDGAR and Donald D. Edgar,
Appellants,

v.

Virginia THAYER, Appellee.

No. 2437.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 21, 1959.

Decided Nov. 4, 1959.

Frederick A. Ballard, Washington, D. C., John W. Kern, III, Washington, D. C., on the brief, for appellants.

William J. Donnelly, Jr., Washington, D. C., Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Mr. and Mrs. Edgar appeal from a judgment denying them recovery for personal

injuries and property damage resulting from an explosion in a gas stove. Their evidence tended to prove the following.

Mr. Edgar rented a home in Virginia for a period of six months from Mrs. Thayer. The lease contained the following provision:

> "It is further agreed that said lessee will, at his own expense, keep in good working order all electrical and mechanical equipment on said premises, ordinary wear and tear excepted and that all such equipment will be in good working order at the beginning of this lease."

The house contained a stove operated by "bottled gas." When Mr. and Mrs. Edgar moved in they found the stove not in good working order, in that the pilot light for the top burners, and one of the top burners, were not working properly; but they noticed no odor of leaking gas. They made no complaint to Mrs. Thayer, but four days after moving in Mr. Edgar engaged a "stove man" who made some unknown repairs, installing a part which he said was "not right," but would be left in until he could get another. That same day while Mrs. Edgar was preparing the evening meal she complained to her hsuband that the pilot light had gone out and also that the oven was not hot although it had been on for some time. He lit the pilot light and shortly thereafter she opened the oven to observe some squash that was cooking. As she stooped to look in, "there was a roar and a flash, and the stove blew up in her face." Her face, head and wrist were burned, and her hair, eyebrows and eyelashes were singed. Her burns did not require medical treatment, but because of her badly singed hair she was put to extra "beautician expenses." Mr. Edgar was standing nearby when the explosion occurred and although he was not burned his suit was seared and scorched.

The defendant's evidence was simply that the stove, a large commercial type range, had been used by her for some years prior to the lease and she had experienced no difficulty with it.

At trial and here questions were raised whether the lease provision constituted a warranty, and, if so, whether Mrs. Edgar would have any rights under a warranty in a contract to which she was not a party. We think the case may be disposed of without going into those questions.

■ Assuming the existence of a warranty, the breach of the warranty, and the right of both Mr. and Mrs. Edgar to sue thereon, it is our opinion that the judgment of no recovery must be sustained on the finding of the trial court that the evidence did not sustain the burden of proof that the explosion was the result of the breach of warranty.

The substance of appellants' argument is that appellee warranted that the stove was in good working order at the beginning of the lease, that in fact it was not in such order, and that it necessarily follows that the explosion resulted from its defective condition because a stove in good working order will not explode. This argument overlooks the fact that the warranty related to the condition of the stove "at the beginning of the lease" and there is no evidence that any defect existing at that time caused the explosion. It is true that the explosion occurred only four days after appellants took possession, but it is at least possible that some condition occurred within that time which caused the explosion. Moreover, and more important, on the very day of the explosion "a stove man" employed by appellants made or attempted to make adjustments or repairs to the stove, but there is no evidence of what he did or the manner in which he did it other than his statement at the time that he had installed a part which was "not right" but he would leave it in until he could get another. Since the explosion occurred after, and so soon after, these repairs were made, it is possible that something the stove man

did, or failed to do, caused the explosion. In view of these possibilities the trial court was justified in finding that appellants failed to sustain the burden of showing that the explosion occurred because of some defect in the stove existing at the beginning of the lease.

Appellants cite Canadian Fire Insurance Co. v. Wild, 81 Ariz. 252, 304 P.2d 390, as presenting a situation close to the present one. However, in that case there was direct testimony that the machine contained a defective fuse plug and that had the plug functioned properly there would have been no explosion.

Appellants also assign as error the refusal of the trial court to reopen the case, after it had been submitted, for the purpose of receiving the testimony of the man who repaired the stove a month after the explosion. The question of whether a case will be reopened for additional evidence after both sides have rested, lies in the discretion of the trial court. The record discloses no abuse of discretion.

Affirmed.