*F. S. Burney, solicitor, H. J. Fullbright,* contra.

---

### ·2023. BURLEY *v.* THE STATE.

RUSSELL, J. The proof of the corpus delicti in this case was insufficient to authorize a conviction. The evidence was insufficient to overcome the presumption of the law that the burning was accidental. *Ragland* v. *State*, 2 *Ga. App.* 492 (58 S. E. 689). *Judgment reversed.*

Indictment for arson, from Warren superior court—Judge Meadow. June 21, 1909.

Submitted October 4,—Decided October 13, 1909.

The house burned was a dwelling on a farm, occupied by Amos Hattaway and his family. The fire was discovered between four and five o'clock Sunday morning, March 1. A twelve-year-old negro boy, who slept in the house, ran into Hattaway's room and told him the house was afire. Hattaway holloed and began moving out his things, and the defendant—a negro who lived on the place and at a short distance from the burning house—came to him and assisted in the moving. Hattaway testified: "The house caught first in the corner of the cook-room. There was a shelf in the corner, with some pans and dishes, and I had my kerosene can sitting in there. I had had it filled up with a gallon of kerosene. I did not hear any explosion that night; if there had been one I suppose I would have heard it; I was right there. I saw the can after the house got burned up; it was like it always was, only the spout had melted off. There was one door to the room, which led outside;

it was pulled to, and there was a catch on it; a person could open that door from the outside. This defendant knew the kerosene was there; he was in there every day or two, and could see it in there; I always kept it in there." The oil can was empty when found; and a druggist and others testified that in their opinion it would have exploded if the oil had not been poured out before the fire. Hattaway testified further: "The night previous to this burning there was no fire in that room; there hadn't been any fire in that room since Saturday at dinner. My wife and I were the last ones in the room; we were in there that evening, about sundown; . . the lamp was taken away from there." Tracks corresponding to a new pair of shoes worn by the defendant, in size, shape, and certain peculiarities, such as a seam and letters on the soles, and leading in the direction of his house, were discovered in a newly plowed field near the burned house on the day of the fire. The ground between the field and the burned house—a space of about twenty or thirty feet— was hard. The tracks were traced to a fence which separated the field from a road. The defendant at first denied that the tracks were made by him, but afterwards stated that he made them after he had been assisting Mr. Hattaway at the time of the burning. According to the evidence, he gave conflicting explanations of the cause of his going across the field. J. T. Norris, a son of the owner of the premises, testified that in the jail he said to the defendant, "Lawrence, it is the opinion of the public that you burned the house, and that there was somebody else with you in it. You tell the truth about this thing, and if it is true I will see if I can't get you out of here and let you leave the country." The witness asked him if anybody else was in with him in the burning of the house; and he said "No." This witness testified that he had beaten the defendant with a buggy whip for riding a mule which he had refused to let the defendant ride. Hattaway testified that he supposed the relations between himself and the defendant "had been rather mixed up since about the middle of June," that they had a dispute while plowing together, and he struck the defendant. There was no testimony as to any subsequent threats or exhibition of ill feeling on the part of the defendant. In his statement to the jury he denied that he knew anything about the cause of the fire. He stated that the tracks were made while he was going to

meet a girl who was bringing his hat; and said, "The reason I didn't say anything to Mr. Norris, I was just scared of him."

Citations by counsel: 6 *Ga. App,* 105; *Ga. R.* 43/256; 57/482; 103/430; 109/516; 111/139; 118/320; 119/118; 120/499, 503; 125/741.

*McGregor & Evans,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.