### 3702.   BUTLER v. THE STATE.

HILL, C. J.   The evidence relied upon to support the verdict consists only of incriminatory statements by the accused, and there is no evidence whatever, aliunde these statements, tending to prove the corpus delicti. The verdict is therefore contrary ·to· law.          *Judgment reversed.*
DECIDED OCTOBER 23, 1911.

Accusation of sale of mortgaged property; from city court of Americus—Judge Hixon.   August 5, 1911.

*Hollis Fort,* for plaintiff in error.

*Zach Childers, solicitor,* contra.

### 3708.   LITTLE v. CITY OF JEFFERSON.

POWELL, J.   1. Though one of the assignments of error in a petition for certiorari· may be that the verdict or judgment complained of is contrary to the evidence, and without evidence to support it, it is not (so far as this ground is concerned)' the duty of the judge of the superior court to sanction it, if there is a legal adequacy of testimony to support the verdict or judgment, and if the weight of the testimony is not so strongly against the correctness of the finding as that, if on final hearing the answer supported the petition, the judge would feel that the interests of justice required a new trial.   The judge of the superior court, on certiorari, should at the final hearing grant a new trial if he is satisfied that the finding complained of is wrong because contrary to the weight of the credible testimony in the case; but where, on the case as made by the petition, he sees that the finding is so well supported by evidence that ·he would not set it aside, even if the answer verified the case as made by the petition, it is proper for him to refuse to sanction the petition.

2. Attacks upon a municipal ordinance can not be considered, when a copy of the ordinance does not appear in the record.

3. Complaint in general terms that illegal rulings were made, without setting out the nature of the rulings, constitutes no sufficient assignment of error.          *Judgment affirmed.*
DECIDED OCTOBER 23, 1911.

Certiorari from Jackson superior court—Judge Meadow.   August 2, 1911.

*Ray & Ray,* for plaintiff in error.   *C. L. Bryson,* contra.