### 4541. DAVENPORT *v.* THE STATE.

This case is controlled by the decision of this court in *West* v. *State,* 6 *Ga. App.* 105 (64 S. E. 130).

DECIDED DECEMBER 21, 1912.

Indictment for arson; from Madison superior court—Judge Meadow. September 9, 1912.

*John E. Gordon,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

HILL, C. J. Plaintiff in error was convicted of the crime of arson; his motion for a new trial was overruled, and the case is here for review. The view we entertain of the merits makes it unnecessary to pass on the special assignments of error. The evidence,

in substance, is as follows: Plaintiff in error was a negro. He got off a passenger-train at Hull, Georgia, about 12 o'clock at night. He was drunk and the marshal of ·the town arrested him and put him in the jail or guard-house. There was no one else in the jail or guard-house, and no fire was in there at the time. About an hour after his incarceration, the marshal discovered that the jail was on fire, and, going to it, he attempted to bring the accused out. The accused resisted him and made an effort to get away. There was quite a struggle between them, the marshal having to use his policeman's "billy" to prevent the accused from escaping. The jail or guard-house was burned to the ground. The accused was searched and an empty purse and several matches were found in his pocket. When the marshal reached the jail, it was on fire, and the accused was standing up holding a quilt between him and the fire. The accused refused to say anything to the marshal about the fire, and, in answer to his interrogation as to whether he had set it on fire, replied that he could not say that he did, and that he could not say that he did not. It was proved by one witness that the accused subsequently stated to him that he did not know who set it on fire, but that a negro by the name of Wallace gave him some paper and matches and told him to set it on fire. No one knew anything about a man named Wallace. The negro was very drunk at the time of his arrest and was very drunk at the time of the fire, and when he made the statements in reference thereto. · This is all the evidence in the case, and, under the well-settled rules of law applicable not only to crimes generally, but especially to cases of arson, we think that it was wholly insufficient to support a legal conviction of the accused. Nothing appears but that the jail or guard-house was burned; and the presumption is, therefore, that the fire was the result of accident. or of some providential cause. *Ragland* v. *State,* 2 *Ga. App.* 492 (58 S. E. 689); *West* v. *State,* 6 *Ga. App.* 105 (64 S. E. 130), and cases there cited.

In all cases of arson the State must prove first the burning, and, secondly, that it was due to criminal agency. Without these two essential facts no crime is made out; and where the evidence does not show what caused the burning, the burden is on the prosecution to overcome the legal presumption that the fire was the result of accident or of some providential cause, and to prove, beyond a

reasonable doubt, that it was the result of a criminal agency. The facts and circumstances in the present case are insufficient to overcome this presumption, and to prove that the fire was the result of criminal agency. The resistance of the accused to arrest, and his effort to get away, and the finding of the matches in his pocket, are insufficient for this purpose. His statement can not be treated as a confession. Although incriminatory in character, it is not legally sufficient of itself to prove the corpus delicti. It is well settled in this State and elsewhere that a confession, freely and voluntarily made, is not sufficient to establish the corpus delicti. *West* v. *State,* supra. There must be proof of the corpus delicti aliunde the confession, and, before a confession would authorize a conviction, it must be corroborated by evidence which, independently of the confession, tends to establish the corpus delicti. It may be that the accused did set fire to this jail or guard-house, but the evidence, under these well-established rules of law did not prove the fact. The conviction must be set aside, as unauthorized by law.                                    *Judgment reversed.*