*Cruger Westbrook, solicitor,* contra.

---

## 6784. SUTTON *v.* THE STATE.

1. The conviction of the accused depended both upon his full and voluntary confession and upon proof of circumstances tending to establish the corpus delicti. "The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence." *Smith* v. *State,* 125 *Ga.* 296, 299 (54 S. E. 127). See also *McElroy* v. *State,* 125 *Ga.* 37, 40 (53 S. E. 759); *Owens* v. *State,* 120 *Ga.* 296, 299 (48 S. E. 21); *Eberhart* v. *State,* 47 *Ga.* 598, 609; *Cooner* v. *State,* 16 *Ga. App.* 540 (4) (85 S. E. 688). In the absence of a special request so to do, the court is not bound to charge section 1031 of the Penal Code of 1910, as to the weight to be given confessions. *Malone* v. *State,* 77 *Ga.* 767 (5); *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178); *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850).

2. There is no substantial merit in the assignments of error as to the omission to give other specified instructions, since there was no timely written request to give the instructions referred to.

3. While, to support a conviction of arson, it is necessary to show that the burning was not due to accidental or providential cause, and the corpus delicti must be shown aliunde the confession of the accused, there were circumstances in proof sufficient in themselves to authorize the inference drawn by the jury that the fire was of felonious origin.

4. "In the absence of a written request, the failure of the judge to charge the jury that 'the law presumes every fire to be accidental, until the contrary appears, where a man is charged with the offense of arson,' is not reversible error." *Randall* v. *State,* 3 *Ga. App.* 653 (3) (60 S. E. 328).

DECIDED MARCH 16, 1916.

Indictment for arson; from Miller superior court—Judge Worrill. July 10, 1915.

*W. I. Geer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

WADE, J. Where a house is consumed by fire and nothing appears but that fact, the law presumes that the fire was the result of accident or of some providential cause, rather than of criminal design. *Williams* v. *State,* 125 *Ga.* 741 (54 S. E. 661); *West* v. *State,* 6 *Ga. App.* 105 (64 S. E. 130); *Burley* v. *State,* 6 *Ga. App.*

776 (65 S. E. 816); *Childs* v. *State,* 10 *Ga. App.* 829 (74 S. E. 89); *Rice* v. *State,* 16 *Ga. App.* 128 (84 S. E. 609); *Wade* v. *State,* 16 *Ga. App.* 163 (84 S. E. 593). The corpus delicti may, however, be shown by circumstantial as well as direct evidence, and it has been held by this court that where a barn was destroyed by fire about three o'clock in the morning, and no fire had been left in or near the building on the night before it was burned, and while the fire was in progress an odor of kerosene emanated from the building, and an empty can which had contained such oil was found near by, and the tracks of a human being, leading to and from the barn, were also found, which the circumstances indicated were made after the barn had been closed on the night before the burning, the corpus delicti was sufficiently proved. *Dixon* v. *State,* 11 *Ga. App.* 367 (75 S. E. 266). See also *Rice* v. *State,* supra, and *Wade* v. *State,* supra. It is well settled that the corpus delicti can not be proved by the extrajudicial confession of the accused, but must be shown by evidence aliunde the confession or incriminatory admission. *Williams* v. *State,* supra; *West* v. *State,* supra; *Boyd* v. *State,* 4 *Ga. App.* 58 (60 S. E. 801); *Allen* v. *State,* 4 *Ga. App.* 458 (61 S. E. 840); *Hines* v. *State,* 5 *Ga. App.* 491 (63 S. E. 583); *DeVore* v. *State,* 7 *Ga. App.* 197 (66 S. E. 484); *Childs* v. *State,* supra, *Davenport* v. *State,* 12 *Ga. App.* 102 (76 S. E. 576); *Butler* v. *State,* 9 *Ga. App.* 878 (72 S. E. 445). Though a confession uncorroborated will not justify a conviction (Penal Code, § 1031), proof of the corpus delicti, either by direct or by circumstantial evidence, may be sufficient corroboration of a confession, and may authorize a verdict of guilty. *Davis* v. *State,* 105 *Ga.* 808, 813 (32 S. E. 158); *Allen* v. *State,* 8 *Ga. App.* 90 (68 S. E. 558); *Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E. 100); *Wimberly* v. *State,* 105 *Ga.* 188 (31 S. E. 162); *Owen* v. *State,* 119 *Ga.* 304 (46 S. E. 133); *Harvey* v. *State,* 8 *Ga. App.* 660 (70 S. E. 141).

In this case it appears that the defendant made repeated confessions of guilt to different persons, and there was evidence tending to show that such confessions were freely and voluntarily made, and were not induced by the slightest hope of reward or fear of punishment. There was proof that a building, used and occupied as a storehouse, in which no fire had been burning during the day, was discovered to be burning about nine o'clock at night. The

fire was in the rear of the building, near the back door, which was then partly open and was found to be scorched by the flames after the fire was extinguished. A pile of trash near the door and adjacent to a tank containing oil was burning and was apparently the center of danger when the fire was discovered; and after the fire was put out a wood partition, next to the pile of trash, was found to be partially burned, and apparently kerosene had been thrown deliberately and intentionally on the pile of trash and on the adjacent partition. Under the ruling in *Dixon* v. *State,* supra, this testimony was sufficient to negative the presumption that the fire was accidental or originated from providential cause, and to authorize the inference that it was of felonious design, and therefore to establish the corpus delicti. The store was occupied by one Bailey, who had therein a small stock of goods, insured for more than their value. The night before the fire occurred the defendant was seen stealthily lurking in the neighborhood of this store at a late hour, and in response to an inquiry he informed the policeman that he had been instructed by the owner of the stock of goods to watch around the store that night. There was some evidence showing other suspicious conduct on the part of the accused the night before the fire. About two hours before the discovery of the fire he was seen in the store, which was then open for business, and soon after the alarm was given he was again seen at the store, and he was arrested an hour or so later. In his several confessions he stated that he had been hired by Bailey, who owned the stock of merchandise, to set fire to the building, in order that Bailey might collect the insurance; and he further stated in detail that he had applied fire to a pile of trash in the store, located exactly where the burning pile of trash was discovered; that his entrance was made through the back door, which had been left open by Bailey for that purpose, and that he had been interrupted by the policeman on the night before the fire, or he would have then carried out his nefarious plan. The corpus delicti having been shown by evidence outside of the confession of the accused, to the satisfaction of the jury, though that evidence was entirely circumstantial, they were authorized to conclude that his plenary confession of guilt was sufficiently corroborated, and especially so in view of further testimony, which by itself not only established the possibility of the commission of the crime by him, but the fact of his

presence in the neighborhood of the house the night before the burning, and the opportunity to commit the crime, evidenced by his presence near the scene only about two hours before the fire was discovered.

Having in mind the repeated adjudications referred to above, to the effect that a full and free confession may be sufficiently corroborated by satisfactory proof of the corpus delicti, outside of the confession, and that the sufficiency of the corroboration of a confession is a question for the jury (*Coley* v. *State*, 110 *Ga.* 271, 34 S E. 845; *Davis* v. *State*, supra; *Griner* v. *State*, 121 *Ga.* 614, 49 S. E. 700; *Holsenbake* v. *State*, 45 *Ga.* 43; *Cook* v. *State*, 9 *Ga. App.* 208, 70 S. E. 1019), we can not say that the verdict in this case was unauthorized under the law. As was said in *Smith* v. *State*, 64 *Ga.* 605, "Arson can seldom be established by positive testimony. The character of the offense makes it necessarily dependent for conviction upon confessions and corroborating circumstances. The force to be given to the corroboration must be left to an upright and intelligent jury." And in *Wade* v. *State*, supra, it was said: "It is not often possible to make out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except at an hour when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose, and it is also generally easy to commit the crime by stealth, without the help of an accomplice, without the beating of drums or blare of trumpets or any betraying noises; and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti."

It is true that the alleged accomplice, implicated in the commission of the crime according to the confession of the defendant, could not lawfully be convicted unless there was evidence, either direct or circumstantial, which was not only sufficient to establish the corpus delicti, but which, independently of the confession, itself directly connected him with the commission of the crime. The rule laid down in *Childers* v. *State*, 52 *Ga.* 106, has been since applied without variation. See *Baker* v. *State*, 14 *Ga. App.* 578 (81 S. E. 805), and cases there cited. If, however, one accused of crime makes a full and voluntary confession of his own guilt, and this confession is corroborated by proof outside of the con-

fession, which merely establishes satisfactorily the corpus delicti, such aliunde proof of the corpus delicti is sufficient corroboration in law, as already stated, to warrant the conviction of the person making the confession, notwithstanding the absence of any testimony which, independently of the confession, itself directly connects him with the crime. In other words, upon authority and for reasons which are apparent, though one may not be convicted of crime upon the evidence of an accomplice, unless there be other evidence which directly and independently connects him therewith, he may be convicted upon his own confession corroborated only by aliunde proof sufficient to establish the corpus delicti.

As to the exception that the court erred in omitting to charge, without a written request, touching the presumption that every fire is accidental until the contrary appears, it is sufficient to say that this court, in a decision rendered by a full bench, has already adjudicated that question, by holding, in *Randall* v. *State,* cited in the 4th headnote above, that such an omission is not reversible error; and, in the opinion of the majority of the court, this is in accord with numerous rulings by the Supreme Court and this court on analogous exceptions.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., dissents.*

RUSSELL, C. J., dissenting. In my opinion the fundamental principles controlling the present case are as follows:

1. In a case of arson the corpus delicti is not established by proof of the burning alone. In the absence of satisfactory evidence to the contrary, the law presumes every burning to be accidental; and hence, to prove the corpus delicti in a case of arson, it is as essential to show that the burning was not due to accidental or providential cause as that it should be shown that the burning in fact occurred.

2. A confession corroborated by proof of the corpus delicti will authorize conviction of crime. But a confession by one accused of arson that he burned the building in question is not corroborated, within the meaning of the rule just stated, when there is no evidence aliunde that the building was feloniously fired.

3. Since in a case of arson the corpus delicti is not shown until the fact that the burning was intentional and felonious has been proved and the presumption that the fire was due to providential

or accidental cause has been rebutted, it follows that in the trial of one accused of arson the jury should be charged that there is a presumption, where nothing but the fact of the burning appears, that the fire resulted from accidental or providential cause; and it is error to omit an instruction to this effect although there be no request upon the subject.

4. Since the verdict of guilty in this case was not demanded, it is my opinion that the error to which reference is made in the preceding headnote must be deemed to have been so prejudicial to the accused that it was error to overrule the motion for a new trial.

The motion for a new trial is based upon the general grounds and certain exceptions to the charge of the court. I shall not discuss the general grounds of the motion, and it is unnecessary to deal with the complaint that the court erred in failing to instruct the jury that the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis than that of the guilt of the accused, in order to warrant a conviction on circumstantial evidence; because no reason is assigned why it was error on the part of the court to omit an instruction to that effect. The only valid exception presented to the charge of the court is that complaining that the trial judge did not charge the jury, although not requested, to the effect that the mere fact that a store alleged to have been burned was discovered to be on fire on the night in question was not sufficient of itself to show that the fire was a felonious one, and in not telling the jury that the law presumes that a fire was accidental or originated from providential cause. In the state of the present record, I think it was error for the court to omit to inform the jury that the mere proof of the burning of a building alleged to be the subject of arson will not authorize the conclusion that the fire was felonious; for in the trial of one accused of arson the law presumes, in the absence of proof of some kind to the contrary, that the fire was accidental or due to providential cause. I do not maintain that if it should be shown that the accused was seen to set fire to the building in question, it would be necessary to instruct the jury as to this presumption. As was once said by Judge Bleckley, there are certain inferences which, after serving a long apprenticeship in the jury box, have finally mounted the bench and thus have

been transformed from mere inference of fact into presumption of law; and the importance of this new dignity requires that the court call the attention of the jury to their presence. In a case in which a presumption of law is operative and may shape or control the finding of the jury, it is the duty of the judge to call the attention of the jury to that presumption, and, in order to adequately instruct them as to the law of the case, he must tell the jury the scope and effect of the legal principle involved. This is peculiarly important in a case of arson, where, as in the case now before us, a conviction must largely, if not entirely, rest upon a confession corroborated by proof of the corpus delicti.

A confession corroborated by proof of the corpus delicti is generally sufficient to authorize a conviction of crime, but it must be remembered that to complete the proof of the corpus delicti where the charge is arson, two fundamental facts must be shown. It is not enough to show a burning, but it is also necessary to rebut the presumption that the fire was due to accidental or providential cause. In the present case the State introduced testimony as to a confession of the accused, in which it was testified that he admitted actually setting fire to the building; and, unless the court had told the jury that the corpus delicti must be established independently of the confession, what was more likely than that the confession would be treated by the jury as a part of the proof of the corpus delicti? Since the jury were not told that in the absence of satisfactory proof that a burning was felonious the fire must be considered to have been of accidental or providential origin, it is not possible to say that their finding to the effect that the fire was not accidental does not rest entirely upon the alleged confession of the accused that he actually burned the building. And if this confession as to the burning was what induced the jury to find that the fire was of felonious origin, then we have the anomalous condition of using the confession to create the corpus delicti, when the law does not permit a confession to be considered until after the corpus delicti has been proved. In other words, since a confession is absolutely worthless unless corroborated by proof of the corpus delicti, necessarily so much of the proof of the corpus delicti as depends solely upon a confession for its validity is absolutely worthless. I recognize, of course, that circumstances evidencing controlling motive, such as desire for reward, or the influence of ill will, and such circumstances as threats, may be suffi-

cient to rebut the presumption that the burning was accidental. But all the circumstances disclosed in the present record, except the testimony as to the presence of the accused near the store a short time before the fire, have their origin in the confession and are supported by it alone. Even if the presence of the accused near the scene of the burning authorized the jury to find that the burning was felonious, we can not say that the result reached by the jury was induced alone by this slight circumstance, since the store in question was the place where the defendant was employed, and outside of his confession no reason appears why his presence near the store was not the result of a proper, rather than an improper, motive. As to its facts the case at bar is much weaker than that of *Murray* v. *State*, 43 *Ga.* 256, in which Judge McCay, delivering the opinion, said: "There is, as we understand it, really nothing here but the confession." The defendant may be guilty, and the jury may be authorized to convict him upon the proof in the record, but a verdict of guilty was not demanded under the evidence and the statement of the accused. The jury may be authorized to find, from the circumstances detailed by some of the witnesses, as to the conduct of the accused on the night of the burning, that the fire was felonious, but in view of the court's failure to call the attention of the jury to the presumption of law in his favor, it can not be said that the jury, in reaching the conclusion that the fire was not accidental, were influenced alone by circumstantial evidence upon that subject aliunde the confession. This being true, the defendant may have been deprived of a decision by the jury that the circumstances outside of the confession were insufficient to establish the fact that the building was feloniously set on fire, and thus have been deprived of a substantial right, created by a presumption of law, which might have operated to acquit him because the State had failed to carry the burden of proving his guilt beyond a reasonable doubt. Even actual guilt does not deprive one of the right to a legal trial, or authorize him to be punished for crime, unless the evidence shows that he is actually guilty.

In the case of *Randall* v. *State*, 3 *Ga. App.* 653 (60 S. E. 328), in which it was held that, in the absence of a written request, the failure to charge the jury as to the presumption that the fire was accidental was not reversible error, the arson was proved by direct testimony, as stated in the decision.