DECIDED AUGUST 7, 1919.

Conviction of assult with intent to rape; from Gwinnett superior court—Judge Cobb. May 3, 1919.

*G. F. Kelley, W. L. Nix,* for plaintiff in error.

*W. O. Dean, solicitor-general, N. L. Hutchins,* contra.

---

9080. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* CORRY.

WADE, C. J. This case (22 *Ga. App.* 424, 96 S. E. 335) was carried by writ of certiorari to the Supreme Court, and that court made the following rulings:

"A railway company over whose road a passenger-train, including a sleeping-car, is operated is liable for damages which are the proximate results of negligence on the part of the employees in charge of the sleeping-car in failing to notify a passenger occupant thereof of the train's arrival at his destination. This is true though the company may not own the sleeping-car or the train, since those having them in charge become its agents and employees as to duties due such passenger, while the train is being operated over its road. Where the passenger in the sleeping-car had no notice of the train's arrival at his destination, he being ignorant of this fact by reason of the darkness of the night, and the train, together with the sleeping-car occupied by him, at that place, in accordance with its regular course and schedule, but without his knowledge, switched from the line of road over which he held passage onto the line of road of another and different company, and after being transported for some twenty miles over its road he

was required by its conductor and the conductor of the sleeping-car to leave the train during the night, in freezing weather, at a small station where he was unable to secure accommodation, by reason whereof he contracted an illness which caused him much physical pain and mental anguish, *held:* (*a*) The company over whose line he held passage and traveled to his destination was not liable in damages for his illness, for the reason that it was not the proximate result of such company's negligence in failing to notify him of arrival at his destination. (*b*) There were no aggravating circumstances in failing to give notice of arrival at the destination, so as to authorize a recovery of exemplary or punitive damages. (*c*) Nor were damages for loss of time and expense incurred by reason of being carried, without notice, beyond the destination recoverable, when not specially sued for, nor the amounts claimed therefor specially set forth. (*d*) The petition set forth cause for recovery of nominal damages." For full opinion of the Supreme Court see 149 *Ga.* 295 (99 S. E. 881).

Under the latter ruling the petition set forth facts which authorized a recovery of only nominal damages on account of the alleged negligence of the defendant company in failing to notify the plaintiff of the approach of the train to his destination; and the ruling of this court on this question having been reversed in so far as it relates to damages other than nominal, the judgment originally entered by the Court of Appeals is vacated, and the judgment of the Supreme Court is made the judgment of this court.

*Judgment affirmed in part, and reversed in part. Jenkins and Luke, JJ., concur.*

DECIDED AUGUST 13, 1919.

Action for damages; from city court of Tifton—Judge Price. July 16, 1917.

*J. E. Hall, Guyton Parks, C. J. Bloch, R. D. Smith,* for plaintiff in error.

*J. S. Ridgdill, B. C. Williford,* contra.