### 18105.   LENHARDT *v.* THE STATE.

Where a cashier of an insolvent bank, having charge and control of the bank, and having knowledge of its insolvency, receives money on general deposit in the bank, and thereby loss or injury results to the person who made the deposit, the cashier is guilty of a felony, under the provisions of the banking act (Ga. L. 1919, p. 219, sec. 29).

> DECIDED JUNE 14, 1927.

Receiving deposit in insolvent bank; from Franklin superior court—Judge W. L. Hodges.   March 30, 1927.

The indictment in this case was drawn under the act of 1919 (Ga. L. 1919, p. 219, sec. 29; Park's Code Supp. 1922, vol. 11, § 202(cc)).   The material parts of that section (bearing upon

---

Banks and Banking, 7 C. J. p. 580, n. 28; p. 582, n. 44, 50.
Indictments and Informations, 31 C. J. p. 708, n. 29.

this case) are as follows: "Receiving deposits after insolvency. When money is deposited on general deposit with any bank in this State, . . and such bank . . is insolvent at the time, and such insolvency is known to the officers having charge or control of such bank, . . and loss or injury shall result to such depositor, then . . such officers having charge or control of such bank . . who, with the knowledge aforesaid, so received such deposits, shall be punished by imprisonment in the penitentiary for not less than one (1) year nor more than ten (10) years." The indictment (formal parts omitted) was as follows: "charge and accuse L. F. Lenhardt . . with the offense of felony; for that the said accused L. F. Lenhardt did, on the 29th day of September, 1923, in the county aforesaid [Georgia, Franklin county],· unlawfully and with force and arms, being then and there the cashier of the Bank of Franklin County, a bank chartered under the laws of the State of Georgia, and having charge and control of said bank, did accept and receive on general deposit in said bank from Ola Higgins the total sum of $1,679.30, of the value of $1,679.30, said bank at the time thereof being insolvent, which insolvency was then and there known to the said Lenhardt, cashier as aforesaid, and that by reason thereof loss and injury resulted to the said Ola Higgins."

The demurrer to the indictment (formal parts omitted) was as follows: (1) "Said indictment does not allege or charge against defendant the violation of any criminal statute of the State of Georgia." (2) "Said indictment does not allege that the insolvency of the said The Bank of Franklin County was known to the officers having charge and control of said bank at the date of the acceptance of the deposit alleged in the indictment to have been received by this defendant at a time when said bank was insolvent; and an essential ingredient of the offense of receiving money into an insolvent bank on deposit is knowledge of the insolvent condition of such bank on the part of the officers having charge and control thereof." (3) "Said indictment does not charge that defendant was an officer having charge and control of said bank; the allegation that defendant was cashier of said bank, and as such cashier had charge and control of the same at the time of the acceptance of the alleged deposit, being a mere conclusion of the pleader." (4) "Said indictment does not allege the

names of the officers having charge and control of said bank at the date of the alleged deposit at a time when said bank was insolvent, and does not allege that such officers had knowledge of the alleged insolvency." (5) "Said indictment does not allege when said bank became insolvent so as to put defendant on notice to answer said indictment." The court overruled the demurrer, and the defendant excepted.

*Linton S. Johnson, George L. Goode, James H. & Emmett Skelton,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The indictment was drawn in substantially the language of the statute, and was not subject to any ground of the demurrer interposed. The indictment charges that the accused was cashier of the bank, that he had charge and control of it, that he accepted a sum of money from a named person on general deposit in the bank when the bank was insolvent and when he (the accused) knew of such insolvency, and that loss and injury thereby resulted to the depositor. If the charges in the indictment are true, the defendant is guilty of the offense charged.

*Judgment affirmed. Luke and Bloodworth, JJ.; concur.*