## 24544. UNDERWOOD *v.* STATE.

DECIDED SEPTEMBER 16, 1935.

*Lawton E. Bracewell, R. I. Stephens,* for plaintiff in error.

*J. A. Merritt, solicitor-general, S. P. New, H. C. Taylor, P. Hicks, E. S. Baldwin Jr.,* contra.

MacINTYRE, J. Underwood was jointly indicted with Sparkey Dominy and Cecil Sapp, for the offense of arson, and was tried separately. The jury returned a verdict of guilty. The defendant filed his motion for new trial containing the general grounds, and excepted to the overruling of this motion. The evidence consisted of a full confession by defendant and a like confession by Dominy, defendant's accomplice in the crime, both agreeing in the details

of their joint commission of the crime. It was shown that the material of the building and the furnishings of the theatre which was burned were not easily ignitable; that no fire was left in the building the day before or the night of the fire; that it was not only highly improbable but practically impossible that any of the ma-chinery could have caused the fire, it not having been operated for 24 hours before the fire, and the films were encased in fire-proof boxes, and, even if they were not, could not have caught fire without the aid of human agency; that a few minutes before the fire was discovered an explosion was heard in the direction of the theatre; that there were indications that the building, which was securely locked, was feloniously entered by use of a prize or like instrument; and that when the fire was discovered it was found to be burning all over. There was evidence from which the jury might have found that the defendant purchased gasoline from a filling-station in the vicinity of the burned building, about two or three hours before the fire, and placed the gasoline in a five-gallon can; that after the fire a can "which can was not in the building before the fire" was found in the burned building; that no one could positively identify the can in the burned building as the same can which the defendant formerly had, although a witness testified: "I would imagine that" the can found in the burned building "was like it" (the can containing the gasoline which defendant had two or three hours prior to the fire).

In a prosecution for arson it is not only necessary that there be proof of a burning, but it must also be shown that the burning was the result of some criminal agency, for "When a house is consumed by fire, and nothing appears but that fact, the law rather implies that the fire was the result of accident, or some providential cause, than of a criminal design." *Phillips* v. *State,* 29 *Ga.* 105; *Sutton* v. *State,* 17 *Ga. App.* 713 (88 S. E. 122, 587), and cit. It "is well settled that the corpus delicti can not be proved by the extra-judicial confession of the accused, but must be shown by evidence aliunde the confession or incriminatory admission." A confession uncorroborated will not justify a conviction; yet "proof of the corpus delicti, either by direct or circumstantial evidence, may be sufficient corroboration of a confession and may authorize a verdict of guilty" *Sutton* v. *State,* supra. We think the confession was sufficiently corroborated to justify the conviction of the accused.

*Partee* v. *State,* 67 *Ga.* 570; *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*