## 31735. KICKLIGHTER *v*. THE STATE.

DECIDED DECEMBER 5, 1947.

250

P. M. Anderson, C. L. Cowart, for plaintiff in error.
R. L. Dawson, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The general grounds of the motion for new trial and the ground of the amended motion, in which it is contended that the evidence is not sufficient to establish the venue, are considered together since they all relate to the sufficiency of the evidence although the question of the venue is raised by special assignment as required by statute. The defendant confessed as to every essential element of the crime, and all of his confession was corroborated by other evidence. The amount of corroboration sufficient to sustain a verdict of guilty is a matter for the determination of the jury. See *Holsenbake v. State,* 45 *Ga.* 44 (5); *Griner v. State,* 121 *Ga.* 615 (5) (49 S. E. 700). There is sufficient evidence to establish the corpus delicti aliunde the confession. See *Childs v. State,* 10 *Ga. App.* 829 (2) (74 S. E. 89); *Williams* v.

*State,* 125 *Ga.* 741 (2) (54 S. E. 661) ; *Boyd* v. *Staie,* 4 *Ga. App.* 58 (60 S. E. 801) ; *Butler* v. *State,* 9 *Ga. App.* 878 (72 S. E. 445) On the question of venue, the defendant's confession that the theft was committed near the Olliff Place in Evans County is supported by the statement of Carlos Bland, jointly indicted with him, made in his presence, to the same effect; by the testimony of numerous witnesses that at least a part of the Olliff Place is in Evans County and by the testimony of the owner of the cow that her usual range was in that vicinity of Evans County. The evidence, the confession and its corroboration, are sufficient to establish the venue. See *Davis* v. *State,* 66 *Ga. App.* 880 (19 S. E. 2d, 543) ; *Porter* v. *State,* 76 *Ga.* 658; *Beatty* v. *Atlanta,* 15 *Ga. App.* 515 (83 S. E. 885). While the evidence of Carlos Bland positively fixed the venue as being in Tattnall County, and this was all the positive evidence on the subject, the jury was authorized to disregard it because there was evidence of prior contradictory statements, and in such case the weight to be given such evidence is for the determination of the jury. See Code, § 38-1806; *Edenfield* v. *State,* 14 *Ga. App.* 402 (2) (81 S. E. 253).

■ In reference to the testimony of the witness, Carlos Bland, who, according to the record, testified on behalf of the defendant to the effect that the defendant and the witness were in good faith assisting John Kirkland Jr. in finding his cows, and that the acts of the defendant in connection with this matter as well as his own were in furtherance of this good faith project, and that the place where the cow in question and another yearling were shot, was in Tattnall County, and who had made previous contradictory statements confessing the crime himself and im- plicating the defendant therein as to each and every essential element thereof, including the statement that the cow in question and another yearling were shot near the Olliff Place in Evans County, the court charged the jury in the manner hereinbefore set out on the question of impeachment, adding in effect that if the jury finds the witness, Carlos Bland, has not been impeached, *then and in that event* the jury is to consider his evidence along with the other evidence. Inferentially this charge could mean only if the jury should find that the witness, Carlos Bland, had been impeached it was not to consider his evidence along with

the other evidence. It is the rule that whenever a witness has been successfully impeached, in any of the manners provided by law, the jury has the right to disregard the testimony of such witness, and exclude it entirely, provided the testimony of such witness is uncorroborated. On the other hand if the testimony of such witness is corroborated by circumstances or other unimpeached evidence, the jury is authorized to consider the testimony of such witness. There is some corroboration of the testimony of Carlos Bland on material points. He detailed the place where certain of the cattle were killed. Testimony of other witnesses indicates that this place was in Tattnall County. It can not be said that his testimony is uncorroborated. The jury should have been instructed that if they found the testimony of Carlos Bland corroborated as to any of its material parts they were authorized to consider his testimony along with the other evidence of the case. See Code, § 38-1806; *Reed* v. *State,* 130 *Ga.* 53 (60 S. E. 191); *Smith* v. *State,* 109 *Ga.* 481 (35 S. E. 59); *Duncan* v. *State,* 97 *Ga.* 180 (1) (25 S. E. 182); *Powell* v. *State,* 101 *Ga.* 19 (29 S. E. 309, 65 Am. St. R. 277); *Martin* v. *State,* 42 *Ga. App.* 592 (1). The quoted portion of the judge's charge on impeachment is set forth in the statement of facts herein and constitutes all of the charge of the court on this subject. Nowhere in his charge did he allude to corroboration. Had he done so the jury might have given effect to the testimony of Carlos Bland and acquitted the defendant. The error was therefore harmful and requires another trial of this case. Since the case must be tried again, the remaining assignments of error, being unlikely to recur, are not considered.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*