31930. RAMER *v.* THE STATE.

DECIDED MARCH 19, 1948.

*Frank B. Stow,* for plaintiff in error.

*John E. Frankum, Solicitor-General, Jeff C. Wayne,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The indictment in the instant case is couched in substantially the language of the Code. It shows plainly that the nature of the offense charged may be easily understood by the jury. Every indictment will be deemed sufficiently technical and correct which states the offense in the language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury. See Code, § 27-701; *Knowles* v. *State,* 166 *Ga.* 182(1) (142 S. E. 676); *Lenhardt* v. *State,* 37 *Ga. App.* 43 (138 S. E. 590).

■ The rule of law, that written contracts must be pleaded in cases where the action is based thereon, essentially applies to civil cases. In a criminal action where the gist of the offense is the fraudulent conversion of money, the contract forming the basis on account of which the payment of the money is alleged to have been made, is only evidence of the contractual relationship existing between the prosecutor and the defendant. It does not occupy the same legal position as in a civil action based on such a contract. Therefore a special demurrer to the indictment on the grounds that the terms of the contract are not set forth, and also the amount of money the defendant was to receive under the same is not set forth, is without merit. And for the reasons stated in the first headnote and division of this decision, a special demurrer to such indictment, on the ground that the same fails to allege what amount of money the defendant used toward the improvement of the realty in question, is also without merit.

■ The act of the General Assembly (Ga. L. 1941, p. 480,

Code, Ann. Supp., § 26-2812) provides as follows: "Any architect, landscape architect, engineer, contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or, materials furnished by his order for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony and upon conviction shall be punished by imprisonment for not less than one year nor more than five years, or upon the recommendation of the jury, or in discretion of the trial judge, punished for a misdemeanor. A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud."

The compilers of the unofficial supplement or pocket parts have properly classified this act under Chapter 28 of Title 26 of the Code, which deals with the subject of criminal embezzlements and fraudulent conversions. While the act now under consideration does not appear to have been heretofore construed by either of our appellate courts, the venue in this type of criminal prosecution has often been held to be in the county where the fraudulent conversion took place. In *Price v. State,* 76 *Ga. App.* 283 (45 S. E. 2d, 462), in connection with a prosecution under Code § 26-2809, being a statute of the same general classification as that here under consideration, this subject is very comprehensively treated. There the evidence disclosed that the defendant procured money from the prosecutor in Fulton County to take to Alabama and invest in automobiles, the profit or loss to be shared equally. The defendant took the money to Alabama and converted the same to his own use. The case holds that the jury was authorized to find that the intent to defraud was conceived at the time the money was accepted by the defendant from the prosecutor in Fulton County, and that, therefore, the venue was properly laid in that county. Here the defendant made a solemn admission in judicio that he accepted the money in Hall County. This was corroborated by evidence that the land upon which he was to build the house is situated in Hall County. Other evidence such as the payment of $200 to Ingram, the flight of the defendant, and his leaving unpaid the outstanding bills referred

to herein, authorized the jury to find that the fraudulent conversion took place at the time the $500 was paid, out of which Ingram received $200. Venue is sufficiently established, in a case where the indictment charges fraudulent conversion of money to have taken place in a certain county, where the defendant makes a solemn admission in judicio that the payments were made to him as charged in the indictment, and where such admission as to the place in which the payments were made is corroborated by slight evidence. See *Kicklighter* v. *State*, 76 *Ga. App.* 246 (45 S. E. 2d, 719); *Towler* v. *State*, 24 *Ga. App.* 168 (3) (100 S. E. 42).

■ The fourth headnote requires no elaboration.

■ The evidence here was sufficient to support the verdict. The defendant received the money to be put into the house. He paid $200 of that money in settlement of a debt which he owed, independent of the construction of the house in question. He then absconded leaving unpaid $869.55, representing labor and materials for which he was obligated and which he failed to pay, and which were paid by the prosecutor. When these facts appeared, the burden of proof shifted to the defendant to account for the money which he had received from the prosecutor, by showing that it went into the building in question, not beyond a reasonable doubt or by a preponderance of the evidence, but to the satisfaction of the jury. He sought to carry this burden by introducing in evidence receipted bills for labor and materials totaling $3464.80. However, the authenticity of these bills and where the labor and materials went which they represented depended solely upon the statement of the defendant. The jury had the right to believe this statement in preference to sworn evidence. Had it so believed the same, the defendant's effort to carry the burden of accounting for the funds would have been successful. But the jury was also authorized to disbelieve the statement of the defendant and this it elected to do. Although, the evidence might have authorized a different verdict, where there is enough to support the verdict found, the judgment of the trial court refusing a new trial on the general grounds will not be disturbed. See Code (Ann.), § 70-202, and annotations under catchwords, "Any evidence".

The judgments of the trial court overruling each and every

684

ground of the demurrer to the indictment, and overruling the defendant's motion for new trial as amended, are without error.

*Judgment affirmed. MacIntyre, P. J. and Gardner, J. concur.*