32226. WILEY *v.* CITY OF CARTERSVILLE.

Decided February 25, 1949.

*J. L. Davis*, for plaintiff in error.

*Finley & Henson*, contra.

MacIntyre, P. J. The allegations of a petition for certiorari to review a conviction of violating a city ordinance are to be taken as true prior to the answer of the judge of the inferior judicatory, and there was, of course, no answer in this case as the court refused to sanction the petition for certiorari. *Porter* v. *Thomasville*, 16 *Ga. App.* 313 (85 S. E. 283) ; *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975). The defendant admits in his petition for certiorari that there was a valid city ordinance limiting the speed of automobiles within the City of Cartersville, where he was charged to have been speeding, to 25 miles per hour and that he was violating that ordinance on August 6, 1948, by operating his automobile in excess of that speed; and, therefore, we take it as true that the defendant was violating the law and was properly convicted of the offense of speeding within the city limits of Cartersville, under the evidence in the case. There is no question on that score. The defendant alleged in his petition for certiorari, however, that "he was charged with two offenses on the same night and alleges that if he was guilty he was guilty of only one offense of speeding upon the public streets of Cartersville . . and respectfully insisted *of the court that he could not be guilty of but one charge for speeding* under the evidence given against him upon the trial of the case." Realizing as we do that the rules of practice in the inferior courts do not require the same formality or the niceties of pleading as those of the superior courts, we have construed the defendant's allega-

tion, that he insisted of the court that he could not be guilty of but one charge of speeding under the evidence given against him, as a plea of former jeopardy or autrefois convict. The question remaining then is whether the defendant's speeding, which he admitted, constituted one or two offenses, or, in other words, was there an identity of offenses? The only evidence offered on the trial was that of policeman Westbrook, corroborated by another officer: "I saw the defendant, James Wiley, driving his automobile in the city limits of Cartersville and when he speeded up I followed him in the patrol car, he outran me and got away and my speedometer showed 85 miles per hour and I was never able to catch up with the defendant and lost sight of him. While we were still looking for him and *about 15 minutes later we again* found the defendant and recognized him driving the same automobile at which time he was *again* driving in excess of 25 miles per hour within the city limits of the City of Cartersville. We were never able to catch him at this time, and he was later apprehended and told to appear in Police Court." The question of identity of offenses is for the jury where only a question of fact is involved, *Williams* v. *State,* 8 *Ga. App.* 583, 585 (70 S. E. 47), and we think that from the above quoted evidence the recorder, sitting as judge and jury, could have inferred that the defendant was guilty of speeding on two different, separate, and distinct occasions fifteen minutes apart. See Rex *v.* Birdseye, 172 Eng. Rep. (full reprint) 386, cited in *Crumley* v. *Atlanta,* 68 *Ga. App.* 69 (22 S. E. 2d, 181). If there was an identity of offenses in fact, the defendant can not now be heard to complain for he offered no evidence whatsoever in the recorder's court to establish this fact.

The judge of the superior court, therefore, did not err in refusing to sanction the petition for certiorari which complained of the judgment only on the grounds that it was contrary to law and without evidence to support it. *Neal* v. *Dublin,* 25 *Ga. App.* 484 (103 S. E. 736); *Smith* v. *Carrollton,* 103 *Ga.* 577 (30 S. E. 267); *Hicks* v. *Hazlehurst,* 14 *Ga. App.* 813 (82 S. E. 354); *Peek* v. *Atlanta,* 19 *Ga. App.* 141 (91 S. E. 231); *Little* v. *Jefferson,* 9 *Ga. App.* 878 (72 S. E. 436).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*