38849.   BECKHAM v. THE STATE.

DECIDED MAY 17, 1961.

720

*W. E. Mull, O. L. Crumbley,* for plaintiff in error.

*William M. West, Solicitor-General, Jack J. Gautier,* contra.

JORDAN, Judge. The only question here involved is whether or not there is sufficient evidence to support the verdict of guilty. Sodomy is defined as " . . . the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural manner with woman." *Code* § 26-5901. "The carnal knowledge necessary to constitute this offense (sodomy) is the same that is required in the case of rape. In this offense, as in rape, the crime is complete on proof of penetration. . . And 'a conviction of sodomy cannot be sustained, the evidence not showing penetration.' " *Wharton v. State,* 58 Ga. App. 439 (198 S. E. 823). The defendant here contends that the State has not proved penetration and thus failed to prove the corpus delicti of this crime. It will be noted that the State's proof of the corpus delicti consists of circumstantial evidence, statements made as part of the res gestae, and the defendant's confession. The confession offered by the State, and unchallenged by the defendant, admits the essential elements of the crime, including the penetration into the rectum of the defendant. Such a confession is direct evidence. The statement of the other party at or near the time of the act, made in the presence of the defendant and acknowledged as true by him at such time, together with the physical facts sworn to by the officers, offers ample corroboration of the defendant's confession. The corpus delicti may be established by circumstantial evidence. *Sutton v. State,* 17 Ga. App. 713, 714 (88 S. E. 122); *Underwood v. State,* 51 Ga. App. 735, 736 (181 S. E. 500); *McVeigh v. State,* 205 Ga. 326 (53 S. E. 2d 462). "The law does not require that the corpus delicti be proved beyond a reasonable doubt by independent evidence as a condition precedent to the consideration by the jury of a confession, but the confession itself may legally and properly be considered as a part of the proof of the corpus delicti." *Logue v. State,* 198 Ga. 672 (32 S. E. 2d 397).

The verdict being authorized by the evidence, the court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*