### 46037. BATES v. THE STATE.

PANNELL, Judge. The defendant was indicted, tried and convicted under an indictment purportedly made under Section 1 of the Act approved March 27, 1941 (Ga. L. 1941, p. 480; *Code Ann.* § 26-2812). Among his enumerations of error is one on the overruling of a general demurrer to the indictment. *Held:*

Section 1 of the Act of 1941 provides: "Any architect, landscape architect, engineer, contractor, sub-contractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property *for any other purpose than to pay for labor or service performed on or, materials furnished by his order* for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony and upon conviction shall be punished by imprisonment for not less than one year nor more than five years, or upon the recommendation of the jury, or in discretion of the trial judge, punished for a misdemeanor. A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud." The indictment

demurred to charges that the defendant on June 28, 1968, in the State of Georgia and County of Lamar "did then and there unlawfully and with force and arms being a contractor, having entered into a contract with James W. Butler for the improvement of real property, did order certain materials from Keadle Lumber Enterprises, Inc., said materials being ordered by the accused and being delivered to the real property being improved by the accused, did use the proceeds of a payment made to him on account of improving property for other purposes than to pay for the materials furnished to the said accused by Keadle Lumber Enterprises, Inc., all with the intent to defraud James W. Butler, contrary to the law of said state, the good order, peace and dignity thereof."

In our opinion, an essential ingredient of the offense defined in the Act of 1941 is that the accused shall have used the payment made for other purposes than to pay for (1) labor or (2) services performed on or, (3) materials furnished by his order for the improvement of the real estate. While labor or services performed may be synonymous terms, it cannot be said that "materials furnished" is synonymous with "labor or services performed." Under this indictment, the defendant could have been convicted solely for failure to apply the proceeds of the payment received to the payment of materials furnished by his order even though he had applied the payment toward the discharge of labor or services performed on the improvement by his order. It is our opinion, therefore, that the indictment failed to charge an offense against the laws of this State. The gist of the offense is fraudulent conversion of money (*Ramer v. State,* 76 Ga. App. 678 (2) (47 SE2d 174)) by failure to apply payments received to any of the three categories. A failure to apply a payment received to only one of the categories is not an offense as defined by the Act of 1941. The trial judge erred in overruling the general demurrer to the indictment, which error rendered all further proceedings nugatory.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED MARCH 1, 1971—DECIDED APRIL 7, 1971.

*Kennedy & Kennedy, Harvey J. Kennedy, Jr., Ham, Mills &*

*Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Charles J. Driebe,* for appellee.