## A98A0524. CANADA v. SHROPSHIRE.
(501 SE2d 860)

POPE, Presiding Judge.

Raymond Canada sued L. I. Shropshire, Jr., who Canada claimed negligently injured him in a car accident. Although Shropshire stipulated that he caused the accident, the jury apparently found Canada's emergency room visit and chiropractic bills were not necessitated by the accident and returned a verdict in Shropshire's favor. On appeal, Canada claims the trial court prejudiced his case when it allowed defense counsel to introduce evidence showing that, following prior automobile accidents, both Canada and his wife had received treatment from this same chiropractor and had retained these same attorneys to assert personal injury claims on their behalf. We find no error and affirm the judgment.

Canada presented three witnesses to testify about the accident and the extent of his injuries: himself, his wife, and the treating chiropractor, Dr. Rhino. The objected-to evidence showed that in 1987, Canada and his wife were riding in a car together when they were involved in an accident and sustained injuries. They both sought treatment from Dr. Rhino and both retained a lawyer in the present firm of Rand, Ezor & Olens to represent them. Again in 1994, the Canadas were involved in an accident, received chiropractic care from Dr. Rhino, and filed a personal injury claim through the same attorneys. After the present accident on December 26, 1995, Canada sought treatment from Dr. Rhino and was represented in this case by the Rand, Ezor firm. Dr. Rhino acknowledged that he and a principal in that law firm had a "personal relationship," that he had referred patients to the firm, and that the firm had referred clients to him.

We will address each of Canada's enumerations simultaneously. First, he argues that the questions regarding his retention of counsel "trampled" his right to seek legal representation. Second, he claims that evidence of his wife's prior injuries, treatment, and attorney consultations was irrelevant.[1] We disagree. OCGA § 24-9-64 entitles every party to a thorough and sifting cross-examination of the witnesses against him. The scope of that examination is left to the discretion of the trial judge, and this Court will not disturb the trial judge's determination on such matters absent manifest abuse. *Waszczak v. City of Warner Robins*, 221 Ga. App. 528, 531 (3) (471 SE2d 572) (1996). Although some of this evidence was elicited on cross-examination, it appears Canada testified to the same facts on direct in order to "remove the sting" of this evidence after the trial court denied his motion in limine seeking to prevent Shropshire from broaching these subjects. In opposing the motion in limine, Shropshire argued that cross-examination on these issues was appropriate because the facts showed a very close relationship between Canada, Dr. Rhino, and the law firm and were relevant evidence of the chiropractor's bias and credibility.

"The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68. See *Pavamani v. Cole*, 215 Ga. App. 594 (1) (451 SE2d 795) (1994), holding that an expert's relationship to a medical malpractice insurer may be admissible to show his possible bias against malpractice cases. The Missouri case on which Canada relies, *Carlyle v. Lai*, 783 SE2d 925, 929-930 (Mo. App. 1989), is unpersuasive. In that case, the court found defense counsel's effort to

---

[1] Canada also claims that the wife's testimony represented inadmissible "prior similar acts" evidence, but he failed to argue this ground below and may not raise it for the first time on appeal. *Lewis v. State*, 215 Ga. App. 486, 490 (6) (451 SE2d 116) (1994).

show that plaintiff hired an attorney to bring suit only 15 days after her son's death was an improper attempt to paint the plaintiffs as greedy. Here, at a minimum, the evidence presented allowed an inference that Dr. Rhino's objectivity was clouded by his close relationship to the plaintiff, a long-time patient, and plaintiff's counsel, a close friend. Therefore, the trial court did not err in admitting it.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 22, 1998.

*Rand, Ezor & Olens, Andrew H. Agatston*, for appellant.
*Crim & Bassler, Mitchell S. Evans*, for appellee.