A00A1524. McNEELY et al. v. WAL-MART STORES, INC.
(542 SE2d 575)

ELDRIDGE, Judge.

Lestine L. McNeely and William P. McNeely sued Wal-Mart Stores, Inc. for the slip and fall of Mrs. McNeely on April 26, 1997, in its Cornelia store just outside of the McDonald's located therein. Mrs. McNeely fell in a pool of clear liquid. Wal-Mart performed safety sweeps two to four times per day where the employee checks the area where he or she worked; however, no such sweep had been performed within a reasonable time to inspect prior to the fall, giving rise to a jury issue as to constructive notice.

The key to Wal-Mart's defense was an off-day employee eyewitness, whose testimony was impeached by a prior felony conviction and by disproving the facts to which he testified. The employee, Stephen Hightower, who was not working that day, testified by affidavit and by deposition that he was in the store as a customer, was sitting in the McDonald's, saw the plaintiff fall, and saw water on the floor, eight to twelve inches in circumference. He testified that when he entered the area five to ten minutes earlier there had been no liquid on the floor. However, Hightower had been convicted in 1970 of possession of a controlled substance and in 1966 of felony breaking and entering in Orlando, Florida, and served a year in prison. He testified under oath that the breaking and entering charge had been thrown out when in fact he pled guilty to the charge to serve five years on probation. After reporting what he saw to Wal-Mart loss control personnel after the fall, he later asked for a promotion and received it along with a 40¢ per hour pay raise. Based upon Hightower's testimony, the trial court granted summary judgment to Wal-Mart. We reverse, because determination of interest and of the weight and credibility of a witness's testimony and whether the witness has been impeached is uniquely for the jury as triers of the facts.

a. It was error for the trial court to grant summary judgment under the circumstances of this case, because the trial court usurped the jury's function, the determination of impeachment and weight and credibility of an impeached witness. See *Stephens v. Adkins*, 226 Ga. App. 648, 649 (2) (487 SE2d 440) (1997); *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 25 (479 SE2d 410) (1996); *Raven v. Dodd's Auto Sales &c.*, 117 Ga. App. 416, 421 (3) (160 SE2d 633) (1968).

Under OCGA § 24-9-84, a witness may be impeached by evidence as to his general bad character. The conviction of an offense involving moral turpitude or a felony is a proper method of showing bad character and tends to impeach the credibility of that witness within the meaning of this Code section. *Paradise v. State*, 212 Ga. App. 166, 169 (3) (441 SE2d 497) (1994); *Ailstock v. State*, 159 Ga. App. 482, 486

(3) (283 SE2d 698) (1981). "The fact that a witness has been convicted of a crime involving moral turpitude is admissible for the purpose of discrediting his evidence. . . . Evidence which discredits a witness on the grounds of infamy tends to impeach him." *Ford v. State*, 92 Ga. 459 (17 SE 667) (1893); see also *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990); *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984). "[T]he length of time which has passed since the date of a conviction is a matter affecting the weight rather than the admissibility of the conviction as impeachment evidence." Id.; see also *Grady v. State*, 262 Ga. 682, 683 (3) (424 SE2d 781) (1993); *Cook v. State*, 255 Ga. 565, 576-577 (13) (b) (340 SE2d 843) (1986).

"The credit to be given a witness's testimony where impeached for general bad character . . . shall be for the jury to determine." OCGA § 24-9-85 (a).

It being the exclusive province of the jury to determine the credibility of all witnesses, when an effort is made by any of the methods pointed out by law to impeach a witness, the jury then becomes the triors of the credibility, respectively, of the witness sought to be impeached, and of the witness or witnesses by whose testimony the impeachment is attempted; and, accordingly, they have the right, under all the attendant circumstances and conditions, to determine whether credit shall be given to the witness whose credibility has been attacked, or to the witness or witnesses by whose testimony such attack is made, and thereupon decide whether the witness has or has not been impeached.

(a) Under the previous rulings of this court, if a witness has been impeached, it is the duty of the jury to disregard his testimony, unless corroborated in material particulars.

(b) The seeming conflict existing between those cases ruling, in substance, that, though a witness may be impeached and may not be afterwards corroborated, yet it must still be a question for the jury whether he is to be believed or not, notwithstanding the "impeachment," and those cases holding that it is the duty of the jury to disregard the testimony of an impeached and uncorroborated witness, grows out of a failure, in applying the doctrine, to keep in mind the distinction between impeachment and an attempt to impeach, and as to the duty of the jury in dealing with the testimony of an impeached witness and that of a witness whose credibility has been attacked by way of impeachment. The incautious use of the terms "impeachment" and "attack upon the credibility" as synonymous, has caused most, if not all, of the difficulty. A witness is never impeached, in contemplation of

law, until there is a mental conviction, produced upon the mind of the jury by proof, that he is unworthy of credit.

*Powell v. State*, 101 Ga. 9, 10-11 (5) (29 SE 309) (1897); see also *Gilreath v. State*, 247 Ga. 814, 833-834 (14) (279 SE2d 650) (1981); *Rowe v. State*, 68 Ga. App. 161, 163-164 (4) (22 SE2d 210) (1942).

If a witness has been successfully impeached by evidence of conviction of a felony, then the credit, if any, is for the jury to determine under proper instructions from the trial court. *Taylor v. Marsh*, 107 Ga. App. 575, 576 (1) (130 SE2d 770) (1963). When the jury determines that a witness has been successfully impeached in any manner provided by law, the jury can disregard such witness's testimony and exclude it in its entirety unless corroborated by circumstances or other unimpeached evidence. *Kicklighter v. State*, 76 Ga. App. 246, 251-252 (2) (45 SE2d 719) (1948). OCGA § 24-9-85 (b).

b. Further, under OCGA § 24-9-68, the interest of a witness and his feeling toward a party, his employer, "may always be proved for the consideration of the jury" regarding weight and credibility. See *Canada v. Shropshire*, 232 Ga. App. 341, 342-343 (501 SE2d 860) (1998). The jury could consider whether Hightower had an interest in providing testimony favorable to his employer that insulated it from liability and whether he received a promotion and pay increase as a reward for such testimony. See *Boggs v. State*, 195 Ga. App. 605, 606 (394 SE2d 401) (1990).

c. Under oath, Hightower testified that the felony breaking and entering charge was dismissed; however, plaintiff provided evidence that in fact Hightower pled guilty to such charge. A jury was entitled to conclude that Hightower's testimony had been disproved and that he had wilfully and knowingly sworn falsely. OCGA §§ 24-9-82; 24-9-85 (b); *Kelley v. State*, 233 Ga. App. 244, 250 (4) (503 SE2d 881) (1998); *Perguson v. State*, 221 Ga. App. 212, 215 (2) (470 SE2d 909) (1996); *Morris v. State Farm &c. Ins. Co.*, 203 Ga. App. 839, 842 (9) (418 SE2d 119) (1992).

*Judgment reversed. Johnson, C. J., Pope, P. J., Blackburn, P. J., Smith, P. J., Barnes and Phipps, JJ., concur.*

DECIDED NOVEMBER 20, 2000 — 

*Garcia & Powell, Kevin D. Gonzalez, Morris H. Wiltshire, Jr.*, for appellants.

*McLain & Merritt, Howard M. Lessinger, Albert J. Decusati*, for appellee.